[Cite as *State v. Getzinger*, 2013-Ohio-2146.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 7-12-06

    v.

NICHOLAS B. GETZINGER,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Napoleon Municipal Court
Trial Court No. 10 TRD 238

**Judgment Affirmed**

**Date of Decision: May 28, 2013**

APPEARANCES:

    *George C. Rogers* for Appellant

    *Paul A. Skaaff* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Nicholas B. Getzinger ("Getzinger"), appeals the March 22, 2012 judgment of the Napoleon Municipal Court finding Getzinger guilty of disorderly conduct and sentencing him to pay a fine of $150.00.

{¶2} On July 14, 2011, a criminal complaint was filed against Getzinger alleging he committed disorderly conduct in violation of R.C. 2917.11(A)(2). The complaint specifically alleged that Getzinger "did recklessly cause inconvenience, annoyance, or alarm to another, by making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person." (Doc. No. 9). Notably, the complaint recited verbatim the language of the statute. *See* R.C. 2917.11(A)(2). Getzinger subsequently pleaded not guilty to the charge.

{¶3} On August 29, 2011, Getzinger filed a motion to dismiss the complaint. Specifically, Getzinger asserted that the complaint omitted an essential "element" of the offense by failing to allege that the language used by Getzinger rose to the level of "fighting words." In particular, Getzinger argued that the complaint must have also alleged that the "words by their utterance, are likely to inflict injury or provoke an immediate retaliating breach of the peace," which is the legal standard for "fighting words." *See In re T.W.*, 3d Dist. No. 1-12-16, 2012-Ohio-5938, ¶ 21, citing *Cincinnati v. Karlan*, 39 Ohio St.2d 107, 109–110

(1974)(setting forth the standard for identifying "fighting words"). Getzinger argued that because the complaint omitted the "fighting words" language, it was constitutionality infirm because it failed to state all the essential elements of the offense and thus also failed to comply with the notice requirements of Crim.R. 3. (Doc. No. 12). The trial court took this motion under advisement and proceeded to trial.

{¶4} On October 13, 2011, a trial to the court was held. At the conclusion of the evidence, the trial court gave the parties seven days to file briefs with the court regarding Getzinger's motion to dismiss.

{¶5} On November 15, 2011, the trial court overruled Getzinger's motion to dismiss finding that the complaint tracked the language of R.C. 2917.11(A)(2) and was not defective for failing to include the additional "fighting words" language. In the same judgment entry the trial court also found that "the State met its burden of proof beyond a reasonable doubt on each and every element of the offense charged". (JE, Nov. 15, 2011 at 3).

{¶6} On December 22, 2011, the trial court sentenced Getzinger to pay a fine of $150.00 plus court costs.

{¶7} Getzinger appealed the judgment of the trial court. This Court dismissed the appeal because the judgment entry did not specify the means of conviction. *See State v. Getzinger*, 3d Dist. No. 7-12-01 (JE, Feb. 2, 2012).

**{¶8}** On March 22, 2012, the trial court filed another judgment entry specifying that it found Getzinger guilty of violating R.C. 2917.11(A)(2) and imposed the same sentence of a $150.00 fine plus court costs. Getzinger subsequently appealed this judgment to this Court.

**{¶9}** On August 2, 2012, Getzinger's Attorney filed a motion with this Court stating that the audio recording from the trial court proceedings was compromised and the court reporter was unable to prepare a transcript. Getzinger's Attorney requested an extension of time to write "a statement of facts or summary of the testimony." (Mot. Aug. 2, 2012 at 2).

**{¶10}** On August 6, 2012, this Court issued a judgment entry granting Getzinger's Attorney leave to supplement the record with a statement of evidence pursuant to App.R. 9(C).

**{¶11}** In lieu of a transcript, Getzinger's Attorney submitted a document entitled "Appellant's App.R. 9(C) Statement of Evidence Supplementing the Record Pursuant to Appellate Court Order of August 8, 2012 [*sic*]." After a brief summary of the testimony given at trial, Getzinger's Attorney concludes this document by stating "while the above statement of evidence is somewhat sketchy, it does accurately summarize the salient points made during the trial as shown by my notes and recollection." (Id. at 2).

{¶12} The foregoing "Statement of Evidence" contained a certificate of service indicating that opposing counsel was served with a copy. However, there is nothing in the record demonstrating that this document was created as a formal agreement between the parties, and there is nothing in the record demonstrating that this document was formally submitted to the trial court. Accordingly, there is nothing in the record to establish that the trial court approved Getzinger's "Statement of Evidence" as required by App.R. 9(C).

{¶13} Getzinger now appeals, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN FAILING TO DISMISS THE COMPLAINT UPON DEFENDANTS [*sic*] MOTION; FOR FAILURE TO ALLEGE ALL THE ELEMENTS OF AN OFFENSE REQUIRED TO BE PROVEN UNDER R.C. 2917.11(A)(2) AS AUTHORITATIVELY CONSTRUED BY THE OHIO SUPREME COURT IN *State v. Hoffman*, (1979) 57 OHIO ST.2d 129, AS NECESSARY TO MAKE SUCH STATUTE CONSTITUTIONAL.**

### ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANTS' [*sic*] MOTION TO DISMISS AT THE CONCLUSION OF THE CASE, FOR INSUFFICIENCY OF THE EVIDENCE TO SHOW HIS MERE WORDS BY THEIR VERY UTTERANCE TENDED TO INCITE AN IMMEDIATE BREACH OF THE PEACE AS NO BREACH OCCURRED AND THE VERBAL EXCHANGE WAS INITIATED BY THE COMPLAINT.**

### *First Assignment of Error*

**{¶14}** In his first assignment of error, Getzinger claims the complaint alleging he committed disorderly conduct in violation of R.C. 2917.11(A)(2) is constitutionally defective because the "fighting words" standard is omitted from the face of the complaint. Specifically, Getzinger argues that the Supreme Court of Ohio in *State v. Hoffman*, 57 Ohio St.2d 129 (1979), "authoritatively construed" the offense defined in R.C. 2917.11(A)(2) to also require the "words by their utterance, are likely to inflict injury or provoke an immediate retaliating breach of the peace" be proven as an additional "element" of the offense.

**{¶15}** In making this argument, it is apparent that Getzinger misconstrues the Supreme Court's holding in *State v. Hoffman*, in which the Court discussed the interaction between disorderly conduct based on speech and the First Amendment's protection of free speech. In *Hoffman*, the Supreme Court stated that "a person may not be punished under R.C. 2917.11(A)(2) for 'recklessly caus(ing) inconvenience, annoyance, or alarm to another,' by making an 'offensively coarse utterance,' or 'communicating unwarranted and grossly abusive language to any person,' unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace." (*Id*. at 133). The Court in *Hoffman* reversed the defendant's conviction because the trial court failed to "take evidence" to

determine if the defendant's conduct rose to the level of "fighting words." (*Id.*). However, the Supreme Court did not specifically characterize this inquiry as additional "element" of the offense nor did it make any ruling regarding the sufficiency of the complaint alleging a violation of R.C. 2917.11(A)(2).

{¶16} Moreover, "the requirements of an indictment may be met by reciting the language of the criminal statute." *State v. Childs*, 88 Ohio St.3d 194, 199 (2000), citing *State v. Murphy*, 65 Ohio St.3d 554, 583 (1992). Here, the criminal complaint recited verbatim the language contained in R.C. 2917.11(A)(2). Furthermore, we note that the record in this case demonstrates that the trial court complied with the directives of the Supreme Court in *Hoffman*. Accordingly, for all these reasons, we conclude that the trial court did not err in overruling Getzinger's motion to dismiss. The first assignment of error is overruled.

### *Second Assignment of Error*

{¶17} In his second assignment of error, Getzinger challenges the sufficiency of the prosecution's evidence to convict him of disorderly conduct in violation of R.C. 2917.11(A)(2).

{¶18} Before we reach the merits of this assignment of error we note that App.R. 9 states that the appellant must submit a transcript of the trial court proceedings they deem necessary to the appellate court for its review. Specifically, App.R. 9(B)(4) states that "[i]f the appellant intends to present an assignment of

error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion."

{¶19} If no transcript is available, App.R. 9(C) and (D) provide alternatives for the appellant. The record indicates that the recording of the transcript was compromised and could not be transcribed. As a result, Getzinger attempted to avail himself of App.R. 9(C) which addresses the situation where no transcript or recording is available:

> **If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. *The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.***

(Emphasis added).

{¶20} "Approval as contemplated by Appellate Rule 9(C) means that, whether or not settlement is required, the trial court must determine the accuracy and truthfulness of a proposed statement of evidence or proceedings and then approve it. Independent of any agreement or disagreement between the parties, the trial court has the responsibility, duty, and authority under Appellate Rule 9(C) to delete, add or otherwise modify portions of a proposed statement of the evidence or proceedings so that it conforms to the truth and is accurate before it is approved." *Aurora v. Belinger*, 180 Ohio App.3d 178, 2008–Ohio–6772, ¶ 35 (11th Dist.), citing *Joiner v. Illuminating Co.*, 55 Ohio App.2d 187, (8th Dist.1978), syllabus.

{¶21} Here, the record reflects that Getzinger's counsel prepared a proposed "Statement of Evidence" from his own recollection and served this proposed "Statement of Evidence" on the prosecution as required by App.R. 9(C). The record further indicates that the prosecution did not file any objections and we note that, for the first time on appeal, the prosecution acknowledges Getzinger's "Statement of Evidence" by incorporating the document as part of the appendix in its appellate brief.

{¶22} However, these circumstances, in our view, are not sufficient to establish a proper agreement by the Prosecutor to a proposed "Statement of Evidence" by the defense under App.R. 9(C), which clearly requires any such

agreement to be established in the trial court *prior* to the transmission of the record to the Court of Appeals.

{¶23} Moreover, even if we were to somehow construe the "Statement of Evidence" to have been agreed to by the prosecution, the "Statement of Evidence" in this case must fail anyway because there is nothing in the record establishing that Getzinger's proposed "Statement of Evidence" was submitted to the trial court for approval as required by the appellate rule and the trial court's signature does not appear on the proposed "Statement of Evidence." *See King v. Plaster*, 71 Ohio App.3d 360, 362 (3d Dist.1991)(stating that a reviewing court must presume that a trial court did not approve the statement of evidence if the trial court fails to sign the statement). Rather, the record demonstrates that Getzinger simply filed his proposed "Statement of Evidence" with this Court on appeal. In sum, even an agreement of the parties is not an acceptable substitute for the trial court's approval as required by App.R. 9(C).

{¶24} Therefore, since the proposed "Statement of Evidence" was never submitted to the trial court for approval, the statement and the filing thereof fail to comport with the requirements of App.R. 9(C). We further note that a number of "salient points" included in Getzinger's proposed "Statement of Evidence" fail to include and/or even contradict some of the specific factual findings made by the trial court in its November 15, 2011 Judgment Entry thereby casting doubt on

whether the trial court would have approved Getzinger's proposed "Statement of Evidence" without any modification.

{¶25} Therefore, absent an adequate record of the facts, testimony, and evidentiary matters necessary to support the second assignment of error, which is the appellant's responsibility to provide, this Court is left with no choice but to presume the validity of the proceedings and affirm trial court's judgment. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Accordingly, Getzinger's second assignment of error is overruled.

{¶26} Based on the foregoing, the judgment and sentence of the Napoleon Municipal Court is affirmed.

*Judgment Affirmed*

**ROGERS, J., concurs.**

**/jlr**

**WILLAMOWSKI, J., Concurring in Part, and Dissenting in Part.**

{¶27} While I concur with the majority's disposition of the first assignment of error, I respectfully dissent as to its disposition of the second assignment of error because I believe that this case is capable of decision on the merits without the transcript, and in the event that this case is not capable of decision on the merits without the transcript, unlike the majority, I would accept the Statement of

Case No. 7-12-06

Evidence Supplementing the Record, accepted by both sides as the facts herein, and address the second assignment of error on the merits and invite the majority to consider and be guided by *Lewis v. New Orleans*, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974), *State v. Hoffman,* 57 Ohio St.2d 129, 131 (1979), *R.A.V. v. City of St. Paul, Minnesota*, 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992), and *Seven Hills v. Aryan Nations*, 76 Ohio St.3d 304, 308 (1996).