[Cite as *State v. Toddie*, 2016-Ohio-131.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P. J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA82 |
| MARQUIS TODDIE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case Nos. 1998-
                             CR-272-D & 2003-CR-519

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 14, 2016

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

MELISSA A. ANGST                    MARQUIS R. TODDIE  PRO SE
Assistant Prosecuting Attorney      #55395-060
38 South Park Street                FCI Elkton
Mansfield, OH 44902                 Box 10

*Gwin, P.J.*

{¶1}   Appellant appeals the August 27, 2015 judgment entry of the Richland County Court of Common Pleas denying his motion to withdraw guilty plea.  Appellee is the State of Ohio.

### Facts & Procedural History

{¶2}   On December 3, 1998, appellant Marquis Toddie pled guilty to one count of aggravated trafficking in drugs in violation of R.C. 2925.03.  By sentencing entry filed December 22, 1998, the trial court sentenced appellant to six months in jail.  On January 13, 2004, appellant pled guilty to trafficking in drugs in violation of R.C. 2925.03.  By sentencing entry filed February 24, 2004, the trial court sentenced appellant to seventeen months in prison with up to five years of post-release control.

{¶3}   On December 19, 2014, appellant filed a motion to find the sentencing entries void because post-release control was not imposed in the 1998 case and was improperly imposed in the 2003 case.  By order filed on March 24, 2015, the trial court denied the motion, finding appellant failed to appeal the sentences and the Department of Rehabilitation and Correction's imposition of post-release control.  Appellant filed an appeal of the trial court's decision.

{¶4}   In *State v. Toddie*, 5th Dist. Richland No. 15CA25, 2015-Ohio-2640, this Court overruled appellant's argument with regards to a mandatory driver's license suspension but sustained his arguments regarding the imposition of post-release control. We remanded the matter to the trial court for new sentencing hearings limited to the proper imposition of post-release control.

{¶5} Upon remand from this Court, the trial court issued a judgment entry on August 6, 2015. The trial court noted that, in the 1998 case, appellant was released from prison on March 27, 2001 and was released from post-release control on July 2, 2001. Further, in the 2003 case, appellant was released from prison on July 23, 2005 and was never placed on post-release control. Thus, the trial court found since appellant had completed his sentences in both of the cases, it lacked jurisdiction to resentence him.

{¶6} On August 17, 2015, appellant filed a "pre-sentence" motion to withdraw guilty pleas based upon his void guilty plea. Appellant argues that since he was never properly notified about post-release control or the mandatory driver's license suspension, his guilty pleas are void because he was not notified of the maximum sentence. On the same day, appellant also filed with the trial court a motion to schedule re-sentencing hearing as ordered by this Court in its remand to the trial court.

{¶7} On August 27, 2015, the trial court overruled appellant's motion to withdraw his guilty pleas and his motion to schedule a re-sentencing date.

{¶8} Appellant appeals the August 27, 2015 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT TO WITHDRAW HIS VOID GUILTY PLEA, WHERE THE TRIAL COURT FAILED TO COMPLY WITH CRIM. R. 11(C)(2)(a) TO PROPERLY NOTIFY THE DEFENDANT OF THE MAXIMUM PENALTY CONCERNING POST-RELEASE CONTROL."

I.

{¶10} Appellant argues the trial court erred in not allowing him to withdraw his void guilty plea where the trial court failed to comply with Criminal Rule 11(C)(2)(a) to properly notify him of the maximum penalty.

{¶11} Appellant first contends his motion to withdraw should be treated as a pre-sentence motion to withdraw pursuant to *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422. However, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court found that when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or amended. Therefore, the sentencing hearing to which an offender is entitled is limited to the proper imposition of post-release control. *Id.* A motion to withdraw plea made prior to resentencing to correct the post-release control portion of the sentence is properly addressed as a post-sentence motion. *State v. Johnson,* 5th Dist. Delaware No. 12 CAA 08-0050, 2013-Ohio-2146. Accordingly, appellant's convictions and remainder of the original sentence remained valid and appellant's motion to withdraw plea is properly addressed as a post-sentence motion.

{¶12} Appellant argues the trial court erred in not granting his motion to withdraw plea. Criminal Rule 32.1 governs the withdrawal of a guilty plea and states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice to the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶13} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

Further, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and mitigating against the granting of the motion." *Id.*

{¶14} The Ohio Supreme Court has stated that a post-sentence withdrawal motion is allowable only in extraordinary circumstances. *Id.* "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through any form of application reasonably available to him." *Id.* The "manifest injustice" standard is "aimed at cases where a defendant pleads guilty without knowing what his sentence will be, finds out that his sentence is worse than he had hoped and expected, and then seeks to vacate his plea." *Id.*

{¶15} We review the trial court's denial of a motion to withdraw guilty plea under an abuse of discretion standard of review. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶16} In this case, we cannot find that a manifest injustice occurred in this case with regards to post-release control notification. First, appellant has not included in this appeal a copy of the sentencing transcript from either case. Without a transcript, we must

presume the regularity of the proceedings.  *State v. Lucas*, 5th Dist. Licking No. 14-CA-75, 2015-Ohio-2256; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).  Additionally, the lengthy delay between the occurrence of the alleged cause for the withdrawal of the guilty plea at the sentencing hearings in 2000 and 2004 and the filing of the motion to withdraw in 2015 is a factor that adversely affects the credibility of the movant and mitigates against the granting of the motion.  *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶17}  Further, appellant completed his prison sentence in the 1998 case in 2001 and was release from post-release control in July of 2001.  Appellant completed his prison sentence in the 2003 case in July of 2005 and was never placed on post-release control.  Upon remand from this Court, the trial court could resentence appellant to properly impose post-release control only if appellant had yet to complete his prison sentences in the instant matters.  Since appellant had completed his prison sentences and completed his post-release control sentences in these cases, the trial court could not conduct a re-sentencing hearing.  The Supreme Court has held that a trial court loses jurisdiction to resentence a defendant for the purpose of imposing post-release control once the defendant has served his entire sentence of incarceration.  *Hernendez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301.

{¶18}  Since appellant served the sentences imposed for these convictions and is no longer on post-release control for either violation, the only remedy available to the trial court was to issue a judgment entry stating it lacked the jurisdiction to resentence him, which is what the trial court did.  Accordingly, appellant has failed to demonstrate, nor

does the record reflect, a manifest injustice.  Thus, we find no abuse of discretion for the trial court to deny appellant's motion to withdraw his guilty plea.

{¶19} Finally, as to the balance of appellant's arguments regarding the acceptance of his plea, we find the arguments to be barred by res judicata.  The Supreme Court has explained that though "the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects and merits of a conviction, including the determination of guilty and the lawful elements of the ensuing sentence." *State v. Fisher*, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010).

{¶20}  Based on the foregoing, we overrule appellant's assignment of error.  The August 27, 2015 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur