[Cite as *Gordon v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-3142.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dante' D. Gordon, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-1081 |
| v. | : | (Ct. of Cl. No. 2014-00600) |
| Ohio Department of | : | (REGULAR CALENDAR) |
| Rehabilitation and Correction, | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 24, 2016

**On brief:** *Dante′ D. Gordon,* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Frank S. Carson* for appellee.

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Dante′ D. Gordon ("Gordon"), appeals the judgment of the Court of Claims of Ohio, which adopted a magistrate's decision recommending judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Gordon is an inmate under the control of ODRC. He seeks damages arising out of incidents that took place at the Richland Correctional Institute from July 5, 2012 to September 5, 2012. He alleges that, as a result of having been placed in the segregation unit, his health suffered and he stopped eating. He alleges that ODRC correction officers sent to escort him from the segregation unit to the infirmary on or about July 8, 2012, and sprayed him with pepper spray causing him to fall and hit his head. He alleges suffering

related injuries and anxiety attacks following the pepper spray incident. His injuries, he alleged, were the proximate result of the negligent, reckless and wanton conduct of ODRC employees in disregarding a known risk of injury to him and failing to protect him from foreseeable risk of injury, and the intentional infliction of emotional distress.

{¶ 3} On June 30, 2014, Gordon filed a complaint against ODRC for two causes of action, the first being negligence and/or gross negligence, and the second being reckless and/or wanton conduct. Gordon sought damages in the amount of $25,000 as to each cause of action. On July 14, 2014, he filed an amended complaint against ODRC to which he added a third cause of action, intentional infliction of emotional distress, for which he also sought damages in the amount of $25,000.

{¶ 4} A trial on liability was held before a magistrate on April 7, 2015.

{¶ 5} On or about May 13, 2015, before the magistrate issued a decision, Gordon sent a letter to the clerk of the Court of Claims requesting the cost of the trial transcript and asking if the court had a payment plan for the transcript. The clerk's office responded by letter dated May 19, 2015, advising Gordon that a copy of the trial transcript could be requested through the third-party court reporting company, Spectrum Reporting, LLC ("Spectrum").

{¶ 6} The magistrate issued a decision on July 7, 2015, finding that Gordon had failed to prove his claim by a preponderance of the evidence and recommending judgment in favor of ODRC.

{¶ 7} On July 22, 2015, Gordon filed a motion with the Court of Claims requesting an extension of time to file objections to the magistrate's decision. He claimed that his confinements in a hospital and the prison infirmary had prevented him from receiving the magistrate's decision until July 13, 2015, and that he still had not heard from Spectrum about the cost of the trial transcript. Gordon requested that his time to file objections be extended until he received the transcript.

{¶ 8} By entry dated August 4, 2015, the Court of Claims granted Gordon an extension of time to file objections to the magistrate's decision, but not for the indefinite period of time Gordon had requested. Rather, the Court of Claims gave Gordon leave to filed an objection "within *14 days* of the date of this entry;" that is, no later than August 18, 2015. (Emphasis sic.)(Aug. 4, 2015 Entry.)

No. 15AP-1081

**{¶ 9}** On or about August 11, 2015, Gordon submitted objections to the magistrate's decision, accompanied by his own affidavit describing the testimony and evidence before the magistrate. Gordon's memorandum in support of his objections included the following:

> The Plaintiff was served on August 7, 2015 entry granting his motion for extension of time for objection to the magistrate decision, due to spectrum reporting [sic] refusing to send Plaintiff transcripts to rebut the decision. Spectrum reporting [sic] has not replied to any of the Plaintiff's correspondence.

(Aug. 17, 2015 Instanter Obj. to the Mag. Recommendation, 2.) The court journalized Gordon's submission on August 17, 2015.

**{¶ 10}** Nothing in the record indicates that Gordon requested a second extension of time in order to obtain the trial transcript to support his objections to the magistrate's decision.

**{¶ 11}** Gordon presented the following objections to the magistrate's decision: (1) irregularities in the proceedings and abuse of discretion by the magistrate, which prevented Gordon from having a fair trial; (2) accident and surprise which ordinary prudence could not have guarded against; (3) the judgment was not sustained by the manifest weight of the evidence; (4) the judgment was contrary to law; and (5) the magistrate was biased and discriminated against Gordon, which prevented him from having a fair trial.

**{¶ 12}** On October 23, 2015, the Court of Claims filed a judgment entry that overruled Gordon's first, second, third and fifth objections to the magistrate's decision, because those objections involved questions of facts and were not supported by a transcript. The court also overruled Gordon's fourth objection to the magistrate's legal conclusions. Having overruled all Gordon's objections, the court adopted the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law, and entered judgment in favor of ODRC.

**{¶ 13}** Gordon filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

**{¶ 14}** Gordon raises the following assignments of error:

> (1) FIRST ASSIGNMENT OF ERROR NO. 1: The trial court erred & abused its discretion when it refused to consider [&] find genuine issues/merits of material fact with respect to the

Plaintiff's-Appellant's objection to the Magistrate's recommendation Pursuant to Civ.R.(1)(3)(b), but instead disregarded the Plaintiff's-Appellants attached affidavit, exhibits/evidence & referenced exhibits/evidence (material) inter alia. Thereby violating the Plaintiff's-Appellant's right to O.Const.1 Sec.2 Equal Protection & benefit, O.Const.1 Sec.16 Redress for injury; due process, U.S. Const. 1st amendment to petition the government for redress of grievances (access to the courts), 14th amendment right to due process, equal protection of the laws & right to a fair trial.

(2) SECOND ASSIGNMENT OF ERROR NO. 2: The trial court abused its discretion as the decision was against the manifest weight of evidence when it refused to consider the Plaintiff's-Appellant's affidavit, exhibit's/evidence when making its decision. Thereby violating the Plaintiff's-Appellant's right to O.Const.1 Sec.2 Equal Protection & benefit, O.Const.1 Sec.16 Redress for injury, due process, U.S. Const.1st amendment to petition the government for redress of grievances (access to the courts), 14th amendment right to due process, equal protection of the laws & right to a fair trial.

(Sic passim.)

## III. DISCUSSION

{¶ 15}  Both assignments of error contend the Court of Claims erred and abused its discretion by disregarding his affidavit, exhibits and evidence. We disagree.

{¶ 16}  Civ.R. 53(D)(3)(b) governs objections to a magistrate's decision. Civ.R. 53(D)(3)(b)(iii) provides, in part, as follows:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.

{¶ 17} At the time Gordon filed his objections to the magistrate's decision, his affidavit and his exhibits, nothing in the record indicated that a transcript of the trial was unavailable to him such that he could file an affidavit of evidence in lieu of a transcript under Civ.R. 53(D)(3)(b)(iii). The Court of Claims had granted Gordon an extension of time to file his objections based on his representation that he was awaiting Spectrum's response to his correspondence about obtaining the trial transcript. Although the Court of Claims had given Gordon until August 18, 2015 to file his objections, he submitted them one week before that deadline, without having received a response from Spectrum.

Gordon did not file a second motion for an extension of time. The record indicates that Gordon submitted an affidavit because he had not yet heard from Spectrum about obtaining a transcript, not because he could not afford the transcript.

{¶ 18} Nothing in the record indicates that Gordon subsequently advised the Court of Claims that he could not afford the cost of providing the trial transcript.

{¶ 19} The Court of Claims noted in its decision that Gordon had not filed a transcript; it made no mention of the affidavit that Gordon filed with his objections to the magistrate's decision. However, because nothing in the record evidenced that the transcript was unavailable to Gordon consistent with Civ.R. 53(D)(3)(b)(iii), that Court of Claims was not required to consider Gordon's affidavit. Consequently, the Court of Claims did not abuse its discretion by not relying on Gordon's affidavit in lieu of a transcript.

{¶ 20} We next review Gordon's filing of an App.R. 9(C) statement with this court. App.R. 9(C) addresses the use of a statement of the evidence or proceedings on appeal and provides, in part, as follows:

> (1) If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
>
> (2) In cases initially heard in the trial court by a magistrate, a party may use a statement under this division in lieu of a transcript if the error assigned on appeal relates solely to a legal conclusion. If any part of the error assigned on appeal relates to a factual finding, the record on appeal shall include a transcript or affidavit previously filed with the trial court as set forth in Civ.R. 53(D)(3)(b)(iii).

No. 15AP-1081

{¶ 21} We have previously held that a transcript is unavailable for the purposes of App.R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript. *Wolfe v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-443, 2010-Ohio-6180, ¶ 11, quoting *State ex rel. Motley v. Capers,* 23 Ohio St.3d 56, 58 (1986). *See also Gill v. Grafton Corr. Inst.*, 10th Dist. No. 09AP-1019, 2010-Ohio-2977. However, Gordon did not cite in his affidavit or otherwise that he is indigent and could not bear the cost of providing a transcript.

{¶ 22} The November 20, 2015 Appellate Rule 9(C) Statement that Gordon filed with this court contained a certificate of service indicating that opposing counsel was served with a copy. However, there is nothing in the record demonstrating that this document was created as a formal agreement between the parties, and there is nothing in the record demonstrating that this document was formally submitted to the Court of Claims. Accordingly, there is nothing in the record to establish that the Court of Claims approved Gordon's November 20, 2015 Appellate Rule 9(C) Statement as required by App.R. 9(C).

{¶ 23} Because Gordon never submitted his proposed November 20, 2015 Appellate Rule 9(C) Statement to the Court of Claims for approval, the statement and the filing thereof failed to comport with the requirements of App.R. 9(C). Absent an adequate record, this court has no choice but to presume the validity of the proceedings and affirm the Court of Claims' judgment. *State v. Getzinger*, 3d Dist. No. 7-12-06, 2013-Ohio-2146, ¶ 12.

## IV. CONCLUSION

{¶ 24} Based on the foregoing, we overrule both of Gordon's assignments of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN, P.J. and KLATT, J., concur.