[Cite as *State v. Blankenship*, 2014-Ohio-232.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-74 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-318 |
| v. | : | |
| | : | |
| TRAVIS BLANKENSHIP | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 24th day of January, 2014.

· · · · · · · · · · ·

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

RICHARD E. MAYHALL, Atty. Reg. #0030017, 20 South Limestone Street, Suite 120, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.,

        {¶ 1}    Travis Blankenship appeals from his conviction and sentence on one count of

unlawful sexual conduct with a minor, a fourth-degree felony.

{¶ 2}     The record reflects that Blankenship pled guilty to the foregoing charge, which involved sexual conduct with a fifteen-year-old girl. He was twenty-one years old at the time. As part of the pre-sentence investigation, a psychologist evaluated him and opined that he was not "a sexual offender" despite having committed a sex offense. The psychologist found that Blankenship's risk of re-offending was not high. The trial court sentenced Blankenship to community control and designated him a Tier II sex offender as required by law.

{¶ 3}     In his sole assignment of error, Blankenship contends requiring him to register as a Tier II sex offender constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. In support, he stresses the psychologist's belief that he is not a sex offender and that he does not need sex-offender treatment. He also notes the existence of evidence that he has a "caring relationship" with the victim and that no aggravating facts, such as the use of drugs or alcohol, exist. Blankenship additionally stresses his relative youth and the twenty-five-year length of his registration requirement. He argues that this registration period serves no legitimate penological purpose in his case.

{¶ 4}     In advancing the foregoing arguments, Blankenship urges us to extend the holding of *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729. In that case, the Ohio Supreme Court recently held that imposing automatic, lifetime sex-offender registration and notification requirements on juvenile sex offenders tried in the juvenile system violates the constitutional prohibition against cruel and unusual punishment. *Id.* at ¶58. Having examined *In re C.P.*, we conclude that its rationale does not extend to Blankenship.

{¶ 5}     "Central to the Constitution's prohibition against cruel and unusual punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the]

offense.'" *Id.* at ¶25, quoting *Weems v. United States*, 217 U.S. 349, 367, 30 S.Ct. 544, 54 L.Ed. 793 (1910). "Proportionality review falls within two general classifications: the first involves 'challenges to the length of term-of-years sentences given all the circumstances in a particular case.' The second, which until recently was applied only in capital cases, involves 'cases in which the Court implements the proportionality standard by certain categorical restrictions.'" *Id.* at ¶26, quoting *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010).

**{¶ 6}** The Ohio Supreme Court's decision in *In re C.P.* involved the second classification—proportionality review based on categorical restrictions. The court noted that this classification itself involved two subsets, one based on the nature of the offense and one based on the characteristics of the offender. *Id.* at ¶27. *In re C.P.* dealt with the second subset, the characteristics of the offender. *Id.* Specifically, the Ohio Supreme Court considered the offender's status as a juvenile and whether *that particular characteristic* made the imposition of automatic, lifetime sex-offender registration and notification requirements unconstitutionally disproportional. *Id.* at ¶27-58.

**{¶ 7}** Unlike the offender in *In re C.P.*, Blankenship was not a juvenile when he committed his sex offense. Because he does not fit within the category at issue in *In re C.P.*, the Ohio Supreme Court's Eighth Amendment analysis in that case has little, if any, applicability to him. Blankenship also fails clearly to identify any other group into which he does fit where a categorical rule might be established prohibiting Tier II sex-offender registration as cruel and unusual punishment.

**{¶ 8}** As noted above, proportionality review based on categorical restrictions can consider the nature of the offense (for example, a categorical prohibition of capital punishment

for non-homicide crimes against individuals) or the characteristics of the offender (for example, a categorical prohibition of capital punishment for offenders who committed their crimes before age eighteen). *Id.* at ¶27-28. At best, Blankenship's appellate brief suggests a categorical prohibition of Tier II sex-offender registration for young-adult offenders who present a relatively low risk of recidivism, who have a caring relationship with their victim, and who did not use drugs or alcohol to facilitate their sex offenses.

{¶ 9} When considering Eighth Amendment challenges on the basis of cruel and unusual punishment, courts engage "in a two-step process in adopting categorical rules in regard to punishment: first, the court considers whether there is a national consensus against the sentencing practice at issue, and second, the court determines 'in the exercise of its own independent judgment whether the punishment in question violates the Constitution.'" *Id.* at ¶29, quoting *Graham*.

{¶ 10} On appeal, Blankenship concedes the lack of a national consensus against lengthy sex-offender registration for individuals such as him. This fact militates against his Eighth Amendment challenge. With regard to our own independent judgment, we also find no Eighth Amendment violation. Blankenship contends he is not a sex offender and that he is not in need of any treatment. Implicit in this argument is that there is no need for sex-offender registration. (Appellant's brief at 5). As a matter of law, however, Blankenship *is* a sex offender by virtue of his conviction for a sexually-oriented offense. The fact that a psychologist believes he is unlikely to re-offend does not make his registration requirement cruel and unusual punishment. Nor are we persuaded that anything about the facts of Blankenship's case establishes an Eighth Amendment violation. He met the fifteen-year-old victim on the internet. The record contains

evidence that he knew the victim's age before twice having sex with her. While the criminal case against him was pending, he violated a court order by having contact with the victim. He then lied and denied the contact. The psychologist's report estimates his risk of committing another sex offense at twelve percent over five years and nineteen percent over fifteen years, placing him in the low-to-moderate risk category.

{¶ 11} This court has recognized that "Eighth Amendment violations are rare, and instances of cruel and unusual punishment are limited to those punishments, which, under the circumstances, would be considered shocking to any reasonable person." *State v. Harding*, 2d Dist. Montgomery No. 20801, 2006-Ohio-481, ¶77. We see nothing in the foregoing facts to convince us that Blankenship's Tier II sex-offender registration requirement constitutes cruel and unusual punishment. Accordingly, his assignment of error is overruled.

{¶ 12} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

WELBAUM, J., concurs.

DONOVAN, J., dissenting:

{¶ 13} I disagree. Although ensuring public safety is a fundamental regulatory goal and should be given serious weight in the classification of sex offenders, Blakenship's designation, in my view, is illustrative of a classification that is grossly disproportionate to the nature of the offense and character of Blankenship. The 25-year designation completely ignores the nature of the felony of the fourth degree, the characteristics of a young adult offender who has no prior felony convictions and is at low to moderate risk to re-offend.

{¶ 14} Justice is blindfolded to reflect neutrality, but this does not mean that justice

should be sightless to the consequences of a Tier II Sex Offender classification on a 21-year-old for half of his adult life. As the Supreme Court stated in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 16: "Following the enactment of S.B. 10, all doubt has been removed: R.C. Chapter 2950 is punitive. The statutory scheme has changed dramatically since this court described the registration process imposed on sex offenders as an inconvenience 'comparable to renewing a driver's license.' [*State v.*] *Cook*, 83 Ohio St.3d [404,] at 418, 700 N.E. 2d 570 [1998].".

{¶ 15} Blankenship received a thirty-day jail sentence with twenty days suspended, a total of ten days in jail. Yet he was punished with a scarlet letter of twenty-five years duration. This twenty-five years is part of his punishment and, in my view, is grossly disproportionate in severity to the crime committed. This classification carries significant restraints on Blankenship's liberty and a social stigma that interferes with employability, travel and housing.

{¶ 16} In my view, some of the analysis of *In Re: C.P.* applies equally to young adult offenders such as Blankenship who do not have prior felonies and who pose no real threat to the community. Although I accept and understand that juveniles and adults are constitutionally different in Eighth Amendment analysis of sentencing due to their diminished culpability and prospects of reform, this distinction should not preclude consideration of whether Blankenship's classification is cruel, unusual and excessive. Blankenship is certainly an individual to whom the trial judge should have the discretion to apply less onerous punishment.

{¶ 17} Blankenship was just shy of graduating with an associates degree from Clark State and was working 16-20 hours per week while in school at a department store. Numerous teachers, his former high school principal, and former employer vouched for his character and

future promise. There is a mismatch between the culpability and character of Blankenship and the severity of his punishment, a 25-year classification. Although I recognize and accept that the legislature's role is to affix punishment for certain offenses, the 25-year classification for Blankenship is a sentence which is demonstrably grossly disproportionate to the nature of the offense and character of the offender. I would find an Eighth Amendment violation and reverse.

. . . . . . . . . .

Copies mailed to:

Lisa M. Fannin
Richard E. Mayhall
Hon. Richard J. O'Neill