[Cite as *State v. Norman*, 2014-Ohio-3010.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  13-13-50

      v.

TORRANCE K. NORMAN, II,              O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 13 CR 0079

Judgment Affirmed

Date of Decision:  July 7, 2014

APPEARANCES:

    *Jonathan G. Stotzer* for Appellant

    *Brian O. Boos*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Torrance K. Norman, II ("Norman"), appeals the judgment entry of sentence of the Seneca County Court of Common Pleas sentencing him to a total term of imprisonment of 19 years following his guilty pleas to four counts of rape, four counts of sexual battery, two counts of gross sexual imposition, and one count of importuning. He argues that the trial court's sentences were excessive. For the reasons that follow, we affirm.

{¶2} On May 22, 2013, the Seneca County Grand Jury indicted Norman on 13 counts: Counts One, Three, Five, Seven, and Nine of rape in violation of R.C. 2907.02(A)(2), (B), first-degree felonies; Counts Two, Four, Six, Eight, and Ten of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies; Counts Eleven and Twelve of gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1), fourth-degree felonies; Count Thirteen of importuning in violation of R.C. 2907.07(B)(1), (F)(3), a fifth-degree felony. (Doc. No. 1).

{¶3} On June 6, 2013, Norman entered pleas of not guilty to the counts of the indictment. (Doc. No. 15).

{¶4} On August 26, 2013, Norman and plaintiff-appellee, the State of Ohio, reached a plea agreement, and the trial court held a change-of-plea hearing. (*See* Aug. 26, 2013 Tr. at 3); (Doc. Nos. 22, 23, 24). As part of the plea agreement, the State agreed to dismiss Counts Five and Six at the time of sentencing. (Aug. 26,

2013 Tr. at 5, 17); (Doc. Nos. 23, 27). In return, Norman agreed to plead guilty to Counts One, Two, Three, Four, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen. (Aug. 26, 2013 Tr. at 22-26); (Doc. Nos. 23, 24). The trial court accepted Norman's guilty pleas and found him guilty on those counts. (Aug. 26, 2013 Tr. at 26); (Doc. No. 24).

{¶5} The trial court held a sentencing hearing on October 2, 2013. (Oct. 2, 2013 Tr. at 3); (Doc. No. 29). The plea agreement did not contain a joint sentence recommendation; however, in its open sentence recommendation, the State recommended that the trial court impose a total prison term of 21 years. (Doc. No. 23). At the sentencing hearing, the trial court concluded that Counts Seven and Eight were allied offenses and merged them for purposes of sentencing. (Oct. 2, 2013 Tr. at 34); (Doc. No. 29). The State elected to proceed on the rape conviction as set forth in Count Seven. (*Id.* at 35); (*Id.*).

{¶6} The trial court sentenced Norman to: seven years imprisonment on Count One; 48 months imprisonment on Count Two; seven years imprisonment on Count Three; 48 months imprisonment on Count Four; five years imprisonment on Count Seven; five years imprisonment on Count Nine; 48 months imprisonment on Count Ten; 12 months imprisonment on Count Eleven; 12 months imprisonment on Count Twelve; and 10 months imprisonment on Count Thirteen. (*Id.* at 39-40); (Doc. No. 29). The trial court ordered that Norman serve: the

sentences for Counts One and Two concurrently to each other but consecutively to all other sentences; the sentences for Counts Three and Four concurrently to each other but consecutively to all other sentences; the sentence for Count Seven concurrently to all other sentences; the sentences for Counts Nine and Ten concurrently to each other but consecutively to all other sentences; and the sentences for Counts Eleven, Twelve, and Thirteen concurrently to each other and concurrently to all other sentences. (*Id.* at 41); (*Id.*). The total term of imprisonment to which the trial court sentenced Norman was 19 years. (*Id.*); (*Id.*).

{¶7} The trial court dismissed Counts Five and Six after granting the State's motion to dismiss those counts. (Doc. Nos. 27, 28).

{¶8} The trial court filed its judgment entry of sentence on October 4, 2013. (Doc. No. 29).

{¶9} On November 1, 2013, Norman filed a notice of appeal. (Doc. No. 33). He raises one assignment of error for our review.

### Assignment of Error

**The sentences of the trial court were excessive.**

{¶10} In his assignment of error, Norman argues that his 19-year sentence "is so grossly disproportionate to the Offenses [sic] that it does shock the sense of Justice [sic] of the Community [sic]." (Appellant's Brief at 16). Specifically, Norman argues that the three cases cited by the State at the sentencing hearing

involved sentences of at least six years fewer than his 19-year sentence. He also argues that he has no substantial prior record, no violent history, no sex offense record, and no felony record, that he was employed at Whirlpool at the time of the offenses, that no weapon was used in the offenses, that he had an untreated drinking problem that impacted his conduct, and that he has accepted responsibility for his actions.

{¶11} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; that the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (stating that "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R .C. 2953.08(A), (B), and (C) * * *"); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶ 4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶12} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the

syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{**¶13**} Norman does not argue that his sentence is contrary to law, that the trial court did not follow the sentencing statutes' procedure, or that there was not a sufficient basis for the imposition of a prison term. Nor does Norman argue that the trial court failed to consider R.C. 2929.11 and 2929.12, or that the trial court failed to make the necessary consecutive-sentences findings under R.C. 2929.14. Therefore, we will not address those issues. Rather, it appears that Norman argues that his sentence is unsupported by the record and that it is disproportionate to sentences in similar cases.

{**¶14**} The record supports the findings that the trial court made when it considered the applicable sentencing statutes. Norman's victim was his stepdaughter, who was 14 and 15 years old at the time of the offenses. (Oct. 2, 2013 Tr. at 36); (Presentence Investigation Report ("PSI")). The trial court summarized the nature of Norman's offenses, which took place over the course of nine months:

Vaginal intercourse occurred at least ten times. The cunnilingus occurred at least one time. The felatio [sic] occurred at least two times. That the victim's breasts were kissed at least three times. That there was digital penetration at least five times. There was masturbation performed on the Defendant at least two times. And then she was felt up or touched numerous times.

(Oct. 2, 2013 at 39). (*See also* PSI). Norman threatened the victim by saying, "Snitches get stitches," among other things. (Oct. 2, 2013 at 37-38); (PSI).

**{¶15}** The stepfather-stepdaughter relationship facilitated the offenses. (*Id.* at 37); (*Id.*). The victim suffered serious psychological harm as a result of the offenses. (*Id.* at 20-24, 36); (*Id.*); (Victim Impact Statements). Specifically, the victim cut herself and had thoughts of suicide. (*Id.* at 23, 37); (*Id.*); (*Id.*). Her academic performance has declined dramatically, and she has trust issues and nightmares. (*Id.* at 21-23, 37); (*Id.*); (*Id.*). The injury to the victim was worsened by the physical and mental condition and age of the victim. (*Id.* at 36); (*Id.*); (*Id.*). The trial court also observed that Norman did not show genuine remorse for the offense and continues to blame alcohol for his actions. (Oct. 2, 2013 Tr. at 37); (PSI). Indeed, even in his brief, Norman argues that he "had an untreated drinking problem which impacted his conduct." (Appellant's Brief at 17).

{¶16} Norman faced a total prison sentence of 63 years based on the offenses to which he pled guilty. *See* R.C. 2929.14. The State recommended a total sentence of 21 years imprisonment. (Doc. No. 23); (Oct. 2, 2013 Tr. at 17). The trial court sentenced Norman to a total of 19 years in prison—less than one-third of the total amount of prison time he faced after pleading guilty. (Doc. No. 29); (Oct. 2, 2013 Tr. at 41). Based on our review of the record, we cannot conclude that Norman's sentence was unsupported by the record.

{¶17} Norman also argues that his sentence is disproportionate to sentences in similar cases—namely, three cases cited by the State at the sentencing hearing. "A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to 'indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *.'" *State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31, quoting *State v. Breeden*, 8th Dist. Cuyahoga No. 84663, 2005-Ohio-510, ¶ 81. If a defendant fails to argue to the trial court that his sentence is not consistent with or proportionate to sentences imposed for similar crimes committed by similar offenders, then the defendant waives that issue for appeal. *Ewert* at ¶ 31 , citing *State v. Santiago*, 8th Dist. Cuyahoga No. 95516, 2011-Ohio-3058, ¶ 42 and *State v. Lycans*, 8th Dist. Cuyahoga No. 93480, 2010-Ohio-2780, ¶ 5.

{¶18} At the sentencing hearing in this case, the State cited three cases in which the Seneca County Court of Common Pleas sentenced defendants for similar offenses. (Oct. 2, 2013 Tr. at 8-10). After the State spoke, neither Norman's counsel nor Norman raised the issue of sentence proportionality or otherwise offered any information concerning sentences imposed for similar crimes committed by similar offenders. (*See id.* at 24-28). The trial court proceeded to sentence Norman, noting that that it "considered its previous sentences and various cases," including the three cases mentioned by the State and two other cases. (*Id.* at 28-29). After the trial court sentenced Norman, his counsel informed the trial court, when asked, that they had nothing further for the trial court. (*Id.* at 42-43).

{¶19} Not only did Norman fail to raise the issue of sentence proportionality before the trial court, he also failed to offer any information to the trial court concerning sentences imposed for similar crimes committed by similar offenders. Even assuming Norman did not waive the sentencing-proportionality issue for appeal, based on the State's descriptions of the cases it cited at the sentencing hearing, it is clear that Norman's total sentence is not disproportionate to the total sentences in those cases.

{¶20} The first of the State's cited cases, *State v. Risner*, case number 10 CR 0099, involved a total 13-year sentence for one count each of rape, sexual

battery, and gross sexual imposition. (*Id.* at 8-9). According to the State, the victim in that case was "a child in the household." (*Id.* at 8). The second case, *State v. Phillips*, case number 09 CR 0062, involved a total 13-year sentence for one count of attempted rape and two counts of gross sexual imposition. (*Id.* at 9). According to the State, the victim in that case "was similar in age" to the victim in Norman's case. (*Id.*). The third case, *State v. Depinet*, case number 11 CR 0288, involved a total 9-year sentence for one count of attempted rape, two counts of gross sexual imposition, and one count of importuning. (*Id.* at 9-10). The State did not describe the victim in that case. (*See id.*).

{¶21} The trial court sentenced Norman on four counts of rape, three counts of sexual battery, two counts of gross sexual imposition, and one count of importuning. (*See* Doc. No. 29). Each of the cases cited by the State involved fewer than half of the number of offenses on which the trial court sentenced Norman. Furthermore, the trial court sentenced Norman on four first-degree felonies, all rape offenses. *Phillips* and *Depinet* involved no first-degree felonies, and *Risner* involved only one first-degree felony. Therefore, Norman's total sentence was not disproportionate to the sentences in the three cases cited by the State at the sentencing hearing.

{¶22} Norman's assignment of error is overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**
**/jlr**