[Cite as *State v. Shreves*, 2016-Ohio-7824.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  2-16-11

    v.

MICHAEL SEAN SHREVES,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2015-CR-137

**Judgment Affirmed**

Date of Decision:   November 21, 2016

APPEARANCES:

    *Rob C. Wiesenmayer* **for Appellant**

    *Edwin A. Pierce* **for Appellee**

**SHAW, P.J.**

**{¶1}** Defendant-appellant, Michael Shreves ("Shreves"), brings this appeal from the June 27, 2016, judgment of the Auglaize County Common Pleas Court sentencing Shreves to an aggregate prison term of 78 months after Shreves pled guilty to Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), a felony of the third degree, and Attempted Unlawful Sexual Conduct with a Minor in violation of R.C. 2923.02(A) and R.C. 2907.04(A), a felony of the fourth degree.

*Relevant Facts and Procedural History*

**{¶2}** On November 17, 2015, Shreves was indicted for one count of Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, one count of Attempted Rape in violation of R.C. 2923.02(A) and R.C. 2907.02(A)(2), a felony of the second degree, one count of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), a felony of the third degree, and one count of Attempted Unlawful Sexual Conduct with a Minor in violation of R.C. 2923.02(A) and R.C. 2907.04(A), a felony of the fourth degree.

**{¶3}** Shreves pled not guilty to the charges. In addition, Shreves filed written pleas of not guilty by reason of insanity and he requested a mental examination to determine his competency to stand trial and to determine his mental condition at the time of the commission of the alleged offenses.

{¶4} On January 22, 2016, and March 4, 2016, the trial court held a hearing to determine Shreves's competency to stand trial. Following a review of the competency evaluation the court had received, which was included in the record, the trial court deemed Shreves competent to stand trial.[1] An entry reflecting the trial court's determination was filed March 4, 2015.

{¶5} Subsequently, Shreves entered into a written negotiated guilty plea wherein he agreed to withdraw his not guilty and not guilty by reason of insanity pleas and plead guilty to one count of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), a felony of the third degree, and one count of Attempted Unlawful Sexual Conduct with a Minor in violation of R.C. 2923.02(A) and R.C. 2907.04(A), a felony of the fourth degree. Shreves also specifically agreed that the offenses would not merge, stating that they were committed with a separate animus. (Doc. No. 65). In exchange for Shreves's guilty pleas, the State agreed to dismiss the Rape and Attempted Rape charges against him.

{¶6} On April 19, 2016, the trial court held a change-of-plea hearing wherein, per the written plea agreement, Shreves withdrew his pleas of not guilty and not guilty by reason of insanity and pled guilty to the charges of Unlawful Sexual Conduct with a Minor and Attempted Unlawful Sexual Conduct with a

---

[1] The report itself stated that to a reasonable degree of psychological certainty Shreves was competent to stand trial.

Minor. The court conducted a very thorough Crim.R. 11 colloquy with Shreves and determined that he was knowingly, intelligently, and voluntarily entering his pleas.[2]

{¶7} The court also had the State recite a factual basis for the crimes. The State indicated that on July 31, 2015, the 14-year-old victim was staying at a residence where Shreves was present. The victim's friend, R.H., was Shreves's girlfriend at that time. After the victim's friend went to bed, Shreves digitally penetrated the victim's vagina with his finger, "then attempted to penetrate her vagina with his penis, but was unable to do so." (Apr. 19, 2016, Tr. at 24). A rape kit was later conducted wherein Shreves's DNA was located on a swab of the victim's "clitoral hood." (April 19, 2016, Tr. at 24). Shreves was just shy of 30 years old at the time, elevating the Unlawful Sexual Conduct with a Minor from a fourth degree felony to a third degree felony due to an age gap equal to, or in excess of, 10 years between Shreves and the 14-year-old victim.

{¶8} The court ultimately accepted Shreves's guilty pleas to the two charges and found him guilty, ordering a pre-sentence investigation and a victim impact statement to be prepared.

---

[2] The trial court was especially thorough in its Crim.R. 11 colloquy with Shreves at the change-of-plea hearing because a prior pretrial hearing had been held wherein Shreves initially indicated he wanted to plead guilty, but then he changed his mind, stating that he was actually innocent. The matter was set for trial, but at a subsequent hearing Shreves elected to change his plea, stating that his earlier wavering was a result of advice he was receiving from other inmates to get a new attorney.

{¶9} On June 24, 2016, Shreves's sentencing hearing was held. At sentencing the State requested maximum sentences on both counts to be run consecutively, while Shreves's attorney requested leniency, asking that Shreves be placed on community control. Shreves's attorney noted Shreves's cognitive difficulties and his general remorse for his crimes. Shreves echoed those sentiments himself.

{¶10} The court then proceeded to sentence Shreves, ordering Shreves to serve 60 months in prison on the Unlawful Sexual Conduct with a Minor charge and 18 months in prison on the Attempted Unlawful Sexual Conduct with a Minor charge. Those sentences were ordered to be served consecutively to each other, for an aggregate prison term of 78 months.

{¶11} A judgment entry memorializing Shreves's sentence was filed June 27, 2016. It is from this judgment that Shreves appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT'S SENTENCE OF THE DEFENDANT-APPELLANT TO CONSECUTIVE MAXIMUM SENTNECES OF (60) MONTHS FOR UNLAWFUL SEXUAL CONDUCT WITH A MINOR AND EIGHTEEN (18) MONTHS FOR ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR FOR A TOTAL SENTENCE OF SEVENTY-EIGHT (78) MONTHS WAS CONTRARY TO LAW AND FURTHER CONSTITUTED AN ABUSE OF DISCRETION IN FAILING TO PROPERLY CONSIDER AND APPLY THE FELONY SENTENCING GUIDELINES IN OHIO REVISED CODE, SECTION 2929.11 AND 2929.12.**

**{¶12}** In Shreves's assignment of error, he argues that the trial court erred in sentencing Shreves to maximum consecutive prison terms.[3]  Specifically, he contends that the trial court did not properly weigh and balance the sentencing factors in R.C. 2929.11 and 2929.12.

**{¶13}** " 'A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law.' "  *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 30, quoting *State v. Barrera,* 3d Dist. Putnam No. 12–12–01, 2012–Ohio–3196, ¶ 20.

**{¶14}** " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Castle,* 2d Dist. Clark No. 2016–CA–16, 2016–Ohio–4974, ¶ 26 quoting, *State v. King,* Clark Nos. 2012–CA–25, 2012–CA–26, 2013–Ohio–2021, ¶ 45. However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11

---

[3] In his brief, Shreves relies heavily on *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, to support his view of the standard of review this Court should apply on appeal.  However, after *Kalish* was released, the legislature altered R.C. 2953.08(G)(2) to specifically indicate that on appeal a defendant had to show by clear and convincing evidence that his sentence was not supported by the record.  Based on the statutory change, the Supreme Court of Ohio has stated that the *Kalish* standard is no longer applicable in reviewing sentences, and we strongly encourage attorneys to stop citing it for its now-invalid standard of review. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002.

and R.C. 2929.12. *Castle* at ¶ 26, citing *State v. Leopard,* 2d Dist. Clark No. 2010–CA–87, 2011–Ohio–3864, ¶ 11.

{¶15} R.C. 2929.11(A) requires trial courts to be guided by the overriding principles of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* Revised Code 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶16} Meanwhile, R.C. 2929.12(B) sets forth nine factors that indicate an offender's conduct is more serious than conduct normally constituting the offense. Those factors include, *inter alia*, the physical and mental injury suffered by the victim being exacerbated because of the victim's age, whether the victim suffered serious physical or psychological harm, and whether the offender's relationship to

-7-

the victim facilitated the offense. *See also State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 17.

**{¶17}** In this case, when the trial court proceeded to sentence Shreves, it stated that in fashioning its sentence it had considered the "purposes and principles of felony sentencing under Section 2929.11" and the "criteria set forth in Chapter 2929 of the Revised Code" such as the "recidivism and seriousness factors[.]"[4] (June 24, 2016, Tr. at 13). The trial court also stated that it considered "the information provided to the Court by the parties and the Presentence Investigation[.]" (*Id.*)

**{¶18}** In addition, the trial court made the following findings.

> **[T]his really was the worst form of these particular offenses * * * and CONSECUTIVE** [sic] **service is necessary to protect the public from future crime and to punish the offender and * * * consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public[.]** [The court] * * * **also finds that his history, the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

(*Id.* at 13-14).

**{¶19}** On appeal, Shreves argues that the trial court should have provided more specific reasoning as to factors that it considered in sentencing him related to R.C. 2929.11 and R.C. 2929.12. However, as we have emphasized in prior

---

[4] The trial court's judgment entry also states that it explicitly considered R.C. 2929.11 and R.C. 2929.12.

opinions, where "the trial court explicitly stated that it had considered the [requisite statutory] factors * * * it *was not required to elaborate upon them* so long as the record indicates that the trial court considered them and the sentences were within the appropriate statutory range." (Emphasis *sic*) *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 21, citing *State v. Castle,* 2d Dist. Clark No. 2016–CA–16, 2016–Ohio–4974, ¶ 30.

**{¶20}** Here, the trial court did explicitly state that it had considered the requisite statutes both on the record and in its sentencing entry. The sentences for both crimes were also within the statutory range. Thus we need not even proceed further.

**{¶21}** Nevertheless, the trial court's sentence was supported by the record and Shreves is unable to demonstrate that it was clearly and convincingly contrary to law. The presentence investigation indicated that Shreves had a criminal history that included a prior Aggravated Robbery, which he served time in prison for, and an Assault on a Corrections Officer. The presentence investigation further indicated that on the night of the incident the victim, who was only 14, stated she specifically told Shreves "no" but that she could not push him off of her because she was on her stomach.

**{¶22}** Given the trial court's clear statement of its consideration of the requisite statutory factors, the facts narrated, and Shreves's unequivocal admission

-9-

at the change-of-plea hearing, we cannot find that the trial court erred in sentencing Shreves.[5]  Therefore Shreves's argument is not well-taken, and his sole assignment of error is overruled.[6]

{¶23} For the foregoing reasons, Shreves's assignment of error is overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**

---

[5] This is particularly true given that Shreves agreed that his crimes were not subject to merger and that he readily admitted to his crimes, which could potentially have constituted the much more serious crimes he was charged with that were ultimately dismissed.

[6] Although not specifically challenged by Shreves on appeal in his brief, the trial court did clearly make the necessary findings for consecutive sentences pursuant to R.C. 2929.14(C)(4) both at the sentencing hearing and in its final judgment entry on the matter. Thus even if Shreves did challenge this issue, any such argument would not be well-taken, and any related assignment would be overruled.