[Cite as *State v. Silknitter*, 2017-Ohio-327.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO. 14-16-07

      v.

WILLIAM MICHAEL SILKNITTER,         O P I N I O N

      DEFENDANT-APPELLANT.

---

Appeal from Union County Common Pleas Court
Trial Court No. 14-CR-0163

Judgment Affirmed

Date of Decision: January 30, 2017

---

APPEARANCES:

    *Mark J. Miller* for Appellant

    *Terry L. Hord* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, William Michael Silknitter ("Silknitter"), appeals the March 3, 2016 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from allegations that Silknitter sexually abused his stepdaughter, D.D., between 2002 and 2014, when D.D. was between the ages of 7 and 19 years old. (*See* Doc. No. 114). After initially indicting Silknitter on September 2, 2014, the Union County Grand Jury on July 10, 2015 indicted him on 64 counts. (Doc. Nos. 1, 87). Those 64 counts consisted of the following: 6 counts of rape in violation of R.C. 2907.02(A)(1)(b), (B), first-degree felonies; 5 counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); 27 counts of rape in violation of R.C. 2907.02(A)(2), (B),[1] first-degree felonies; 12 counts of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies; 12 counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1),[2] fourth-degree felonies; 1 count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B)(1), (D), a third-degree felony; and 1 count of intimidation of an attorney, victim, or witness in a criminal case in violation of R.C.

---

[1] One of the counts of rape, Count 12, did not include a reference to R.C. 2907.02(B); however, Count 12 indicated that it was based on a violation of R.C. 2907.02(A)(2).

[2] One of the counts of gross sexual imposition, Count 14, did not include a reference to R.C. 2907.05(C)(1); however, Count 14 indicated that it was based on a violation of R.C. 2907.05(A)(1).

2921.04(B)(2), (D). (Doc. No. 87). Silknitter initially pled not guilty to the counts. (*See* Doc. No. 98).

{¶3} On January 19, 2016, Silknitter and the State entered into a negotiated plea agreement. (Doc. No. 167). Under the agreement, Silknitter entered pleas of guilty to six counts of sexual battery in violation of R.C. 2907.03(A)(5), (B), third-degree felonies. (*Id.*). At the request of the State, the trial court dismissed the remaining counts of the superseding indictment.[3] (*Id.*).

{¶4} The trial court held a sentencing hearing and a sex-offender-registration hearing on March 3, 2016. (Mar. 3, 2016 Tr. at 4). The trial court sentenced Silknitter to 48 months in prison on each of the six counts of sexual battery, to be served consecutively for a total term of imprisonment of 288 months. (*Id.* at 88); (Doc. No. 172). The trial court also classified Silknitter as a Tier III sex offender. (Mar. 3, 2016 Tr. at 92); (Doc. No. 173). The trial court filed its judgment entries of sentence and sex-offender classification on March 3, 2016. (Doc. Nos. 172, 173).

{¶5} On March 30, 2016, Silknitter filed a notice of appeal. (Doc. No. 178). He raises seven assignments of error for our review. We will address together Silknitter's first, second, third, and fourth assignments of error, followed by his fifth, sixth, and seventh assignments of error individually.

---

[3] The parties refer to the superseding indictment as a "supersedes [sic] indictment." (Appellant's Brief at 1); (Appellee's Brief at 1).

**Assignment of Error No. I**

**The trial court failed to consider factors enumerated in R.C. 2929.12(E) which, if applied to Appellant, would show that he is not likely to commit future crimes; therefore, the trial court's sentence was unreasonable, contrary to law and inconsistent with the purposes of felony sentencing.**

**Assignment of Error No. II**

**The trial court's order imposing consecutive sentences on Appellant is not supported by the facts in this case and is therefore contrary to law.**

**Assignment of Error No. III**

**The trial court's sentence in this case is contrary to law because it is neither proportional or [sic] consistent with sentences imposed on similar offenders who committed similar crimes.**

**Assignment of Error No. IV**

**The trial court committed reversible error at sentencing by presuming that Appellant was guilty of committing sex crimes which were dismissed as part of Appellant's plea agreement and for considering other dismissed conduct.**

{¶6} In his first, second, third, and fourth assignments of error, Silknitter challenges his sentence on various grounds. We will first address Silknitter's argument under his first assignment of error that the trial court failed to consider the R.C. 2929.12(E) factors. Then, we will consider his argument under his fourth assignment of error that the trial court erred by considering dismissed offenses. Third, we will address Silknitter's argument under his second assignment of error that the trial court erred in imposing consecutive sentences. Finally, we will

consider his argument under his third assignment of error that his sentence is contrary to law because it is not proportional or consistent with sentences imposed on similar offenders who committed similar crimes.

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.[4] Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} We begin our analysis by addressing Silknitter's first assignment of error, in which he argues that the trial court failed to consider the R.C. 2929.12(E) factors. When sentencing an offender, the trial court must consider the overall purposes of sentencing under R.C. 2929.11 and the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12. *State v. Magallanes*, 3d Dist. Putnam No. 12-14-02, 2014-Ohio-4878, ¶ 21, citing *State*

---

[4] In its brief, the State relies on *State v. Kalish* to support its view of the standard of review this court should apply on appeal. (Appellee's Brief at 5-7, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912.) However, after *Kalish* was released, the legislature altered R.C. 2953.08(G)(2) to specifically indicate that, on appeal, a defendant must show by clear and convincing evidence that his sentence is not supported by the record. Based on the statutory change, the Supreme Court of Ohio stated that the *Kalish* standard is no longer applicable in reviewing sentences, and we strongly encourage attorneys to stop citing it for its now-invalid standard of review. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

*v. Smith*, 3d Dist. Auglaize No. 2-06-37, 2007-Ohio-3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "Although it is required to consider R.C. 2929.11 and 2929.12, the trial court is not required to use specific language regarding its consideration of those statutes." *Id.*, citing *Smith* at ¶ 26 and *State v. Fletcher*, 3d Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 22. Indeed, where the trial court explicitly states that it considered the requisite statutory factors, it is not required to elaborate upon them so long as the record indicates that the trial court considered those factors and the sentence is within the appropriate statutory range. *State v. Shreves*, 3d Dist. Auglaize No. 2-16-11, 2016-Ohio-7824, ¶ 20, citing *State v. Dayton*, 3d Dist. Union No. 14-16-05, 2016-Ohio-7178, ¶ 21, citing *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 30.

{¶9} A review of the record indicates that the trial court considered the R.C. 2929.12(E) factors. In sentencing Silknitter, the trial court stated:

> The Court has considered the record, the oral statements, the victim impact statement, the presentence report that we've corrected here today, the letters submitted in support of the defendant, the defendant's sentencing memorandum filed with the Court on March 2, 2016, the purposes and principles of sentencing under Revised Code Section 2929.11, *the seriousness and recidivism factors relevant to the offense and the offender pursuant to Revised Code Section*

> *2929.12*, and the need for deterrence, incapacitation, rehabilitation,
> and restitution.

(Emphasis added.) (Mar. 3, 2016 Tr. at 85). *See Magallanes* at ¶ 22. In its judgment entry of sentence, the trial court made a substantially similar statement. (Doc. No. 172). In it, the trial court stated that it "considered * * * the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12." (*Id.*). *See Magallanes* at ¶ 22. These statements demonstrate that the trial court considered the R.C. 2929.12(E) factors as required. *See Shreves* at ¶ 20; *State v. Parson*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 16. Moreover, Silknitter concedes that his sentence is within the statutory range. *See Magallanes* at ¶ 23; *Shreves* at ¶ 20. Therefore, we need not proceed further. *See Shreves* at ¶ 20 ("[T]he trial court did explicitly state that it had considered the requisite statutes both on the record and in its sentencing entry. The sentences for both crimes were also within the statutory range. Thus we need not even proceed further."). We accordingly reject Silknitter's argument that the trial court failed to consider the R.C. 2929.12(E) factors.

{¶10} In his fourth assignment of error, Silknitter argues that the trial court erred because it "incorrectly and impermissibly found that sexual conduct between [Silknitter] and his stepdaughter occurred more than what [Silknitter] plead guilty to." (Appellant's Brief at 11). To the extent Silknitter argues that the trial court

erred by considering "any dismissed conduct or charges for purposes of sentencing," we reject his argument. (*Id.* at 10). "[E]vidence of other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea [agreement], may be considered at sentencing." (Emphasis deleted.) *State v. Ford*, 3d Dist. Union No. 14-10-07, 2010-Ohio-4069, ¶ 12, citing *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 17, citing *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989). Accordingly, we reject Silknitter's argument that the trial court should not have considered dismissed counts.

**{¶11}** Silknitter also argues under his fourth assignment of error that the trial court "espoused its own personal belief and demonstrated bias against" him, based on the trial court's statements at the sentencing hearing. (Appellant's Brief at 11). Specifically, Silknitter takes issues with the following statement by the trial court concerning the number of incidents of sexual conduct between Silknitter and D.D.: "If we only consider the defendant's statements in this case, and not the statements of – that we've heard here today, the sexual conduct between the two occurred many more times than the six offenses that the defendant has admitted by his plea of guilty." (Mar. 3, 2016 Tr. at 85). Silknitter also disputes the following statement by the trial court: "How many times this happened is unknown with certainty. But it is certainly, by the defendant's own admission, many, many times." (*Id.* at 87).

According to Silknitter, "The trial court did not corroborate its belief that sexual conduct between [Silknitter] and D.D. occurred more than five of [sic] six times." (Appellant's Brief at 11).

{¶12} In the trial court's statements above at the sentencing hearing, the trial court refers to statements Silknitter made during a recorded interview with detectives on August 13, 2014. (*Id.* at 80). (*See also* Doc. No. 172 at 10). The parties jointly submitted and stipulated to the admissibility of that recorded interview at a February 11, 2015 hearing on Silknitter's motion to suppress statements he made. (Mar. 3, 2016 Tr. at 80). (*See also* Doc. No. 172 at 10). We conclude that the trial court was allowed to consider that recording in sentencing Silknitter. R.C. 2929.19(B)(1) sets forth what information the trial court "shall consider" at the sentencing hearing, before imposing sentence. Among those items, the trial court "shall consider the record." R.C. 2929.19(B)(1). *See also State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 44. The recording of Silknitter's interview—as an exhibit from the suppression hearing—is part of the record. *See El-Jones* at ¶ 44. Moreover, Silknitter directed us to no authority suggesting the trial court was not allowed to consider the recording of the interview in sentencing him. *See id.* ("Mr. El-Jones has not pointed this Court to any authority standing for the proposition that the court could not consider the recording it reviewed at the suppression stage as part of 'the record' it was required to consider

before sentencing Mr. El-Jones."). Accordingly, the trial court properly considered the recording of Silknitter's interview with detectives.

{¶13} The trial court cited Silknitter's interview statements extensively in support of the trial court's finding that Silknitter engaged in sexual conduct with D.D. in excess of the six offenses to which he pled guilty. (*See* Mar. 3, 2016 Tr. at 80-84); (Doc. No. 172 at 10-16). Indeed, Silknitter ignores the interview recording and its contents in his appellate brief and does not address whether the trial court properly tallied the number of incidents to which Silknitter admitted in his interview. In fact, Silknitter failed to provide this court with a transcript of the February 11, 2015 hearing on Silknitter's motion to suppress. "App.R. 9 requires an appellant to provide the appellate court with transcripts of the proceedings that are necessary to review the merits of his appeal." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 8, citing App.R. 9(B). Absent a transcript of the suppression hearing, including the exhibit containing Silknitter's interview recording, we presume validity of the trial court's findings based on Silknitter's admissions in the interview recording. *See State v. Getzinger*, 3d Dist. Henry No. 7-12-06, 2013-Ohio-2146, ¶ 25. We accordingly reject Silknitter's argument that the trial court "espoused its own personal belief," "demonstrated bias against" him, and "did not corroborate" its findings at sentencing. (Appellant's Brief at 11).

**{¶14}** We next address Silknitter's second assignment of error, in which he argues that the record does not support the trial court's imposition of consecutive sentences. As to the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) provides that an appellate court—after reviewing the record, including the findings underlying the sentence given by the trial court—may modify or vacate the sentence if the appellate court "clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)]." *State v. Dixson*, 3d Dist. Seneca No. 13-13-53, 2014-Ohio-4539, ¶ 51, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 28-29.

**{¶15}** R.C. 2929.14(C)(4), which governs the imposition of consecutive sentences, provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *Bonnell* at ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the

statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶16}** In this case, Silknitter does not dispute that the trial court made the necessary findings under R.C. 2929.14(C)(4). Rather, he argues that "[t]he trial court does not have a factual basis on which to reasonably and legitimately base its finding that consecutive sentences were not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public." (Appellant's Brief at 6). Specifically, he argues that the trial court should not have relied on the testimony of Union County Deputy Sheriff Jeff Stiers ("Stiers") to support its conclusion that Silknitter engaged in sexual conduct with D.D. in excess of the six offenses to which he pled guilty. Even if we disregard Stiers's testimony, Silknitter once again fails to address Silknitter's admissions in his recorded interview, which was made an exhibit at the suppression hearing. As we stated above, because Silknitter failed to provide a transcript of the suppression hearing, we presume validity of the trial court's findings.

**{¶17}** Silknitter also appears to argue under his second assignment of error that the trial court should not have relied on Stiers's testimony that Silknitter first engaged in sexual conduct with D.D. when she was seven years old. The trial court noted that Stiers testified to his determination that, based on his investigation, the abuse began when D.D. was seven years old. (*See* Doc. No. 172 at 8). Silknitter

cited no authority indicating that the trial court was not allowed to consider Stiers's testimony. Indeed, as we stated above, the trial court was free to consider information related to "other crimes, including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea [agreement]." (Emphasis deleted.) *Ford*, 2010-Ohio-4069, at ¶ 12. Moreover, rather than relying on Stiers's testimony in sentencing Silknitter, the trial court relied on Silknitter's admission, based on his plea of guilty to one of the sexual battery counts—Count 35—that he "engaged in sexual conduct with the victim when she was 17." (Doc. No. 172 at 19). For these reasons, Silknitter's arguments regarding the trial court's consecutive-sentences findings are baseless, and we reject them. After reviewing the record, including the findings underlying the sentence given by the trial court, we cannot clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶18} Finally, we address Silknitter's third assignment of error, in which he argues that his sentence is contrary to law because it is not proportional or consistent with sentences imposed on similar offenders who committed similar crimes. R.C. 2929.11(B) provides, in part, "A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." "If a defendant fails to argue to the trial court that his sentence is not consistent with or proportionate to sentences imposed for similar crimes committed

by similar offenders, then the defendant waives that issue for appeal." *State v. Norman*, 3d Dist. Seneca No. 13-13-50, 2014-Ohio-3010, ¶ 17, citing *State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31. Our review of the record reveals that Silknitter failed to argue the consistent-sentences issue to the trial court. Therefore, he waived this issue for appeal. *See id.* Nevertheless, in the interests of justice, we will consider this argument.

**{¶19}** "[A] consistent sentence is not achieved from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines." *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 16, citing *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 10 (10th Dist.). "Thus, a sentencing court is not required to make a comparison of the current case to previous cases, but is required to appropriately apply the statutory sentencing guidelines in order to maintain consistency." *Id.*, citing *State v. Saur*, 10th Dist. Franklin No. 10AP-1195, 2011-Ohio-6662, ¶ 37. "Therefore, an offender cannot simply present other cases in which an individual convicted of the same offense received a lesser sentence to demonstrate that his sentence is disproportionate." *Id.*, citing *State v. Hayes*, 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 10. Rather, "'[a] defendant claiming inconsistent sentencing must show the trial court failed to properly consider the statutory sentencing factors and guidelines in R.C. 2929.11 and 2929.12.'" *State v. Richards*, 3d Dist. Union No. 14-15-27, 2016-

Ohio-1293, ¶ 7, quoting *State v. Sutton*, 8th Dist. Cuyahoga No. 97132, 2012-Ohio-1054, ¶ 18.

**{¶20}** In this case, Silknitter argues, "The trial court failed to impose a 'consistent' sentence on [Silknitter] because the trial court failed to indicate that it engaged in an exhaustive analysis of all the applicable statutory factors under 2929.12 (E) [sic]." (Appellant's Brief at 8). We reject this argument because, as we stated above, the record reflects that the trial court properly considered the R.C. 2929.12(E) factors. *See Shreves*, 2016-Ohio-7824, at ¶ 20. Silknitter also cites several appellate decisions concerning cases that he says "indicate that [his] sentence is inconsistent with sentences imposed on similar offenders and that the trial court committed plain error when it sentenced [Silknitter] to serve 24 years imprisonment." (Appellant's Brief at 9). Silknitter's reliance on those cases is misplaced because, as stated above, "a consistent sentence is not achieved from a case-by-case comparison." *Hites* at ¶ 16. For these reasons, we reject Silknitter's argument that his sentence is contrary to law because it is not proportional or consistent with sentences imposed on similar offenders who committed similar crimes.

**{¶21}** Silknitter's first, second, third, and fourth assignments of error are overruled.

## Assignment of Error No. V

**The trial court committed reversible error by failing to make a definitive finding in regard to appellant's objections to factual statements made in the presentence investigation report.**

{¶22} In his fifth assignment of error, Silknitter argues that the trial court failed to properly address three objections Silknitter made to the contents of the presentence investigation ("PSI") report.

{¶23} R.C. 2951.03 provides a defendant an opportunity to object to the information contained within the PSI report:

(2) Prior to sentencing, the court shall permit the defendant and the defendant's counsel to comment on the presentence investigation report and, in its discretion, may permit the defendant and the defendant's counsel to introduce testimony or other information that relates to any alleged factual inaccuracy contained in the report.

\* \* \*

(5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

(a)   Make a finding as to the allegation;

(b)   Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

R.C. 2951.03(B)(2), (5).

**{¶24}** In this case, Silknitter made three objections to the factual accuracy of the PSI report.  (*See* Doc. No. 170); (Mar. 3, 2016 Tr. at 5).  At the outset of the sentencing hearing, the trial court addressed Silknitter's three objections, ordering the PSI report corrected or supplemented in response to each objection.  (*See* Mar. 3, 2016 Tr. at 5-16).  Silknitter's trial counsel indicated that the trial court adequately addressed Silknitter's objections to the PSI report:

[Trial Court]:          Okay. [Defense Counsel], are you satisfied that

                                  I've adequately addressed the objections?

[Defense Counsel]:    Yes, I am, your Honor.

(*Id.* at 16).  Based on Silknitter's agreement, through counsel, that the trial court adequately addressed Silknitter's objections to the PSI report, Silknitter waived any arguments related to alleged inaccuracies in the PSI report and to the trial court's treatment of those inaccuracies.  *See State v. Richardson*, 2d Dist. Montgomery No. 23879, 2013-Ohio-1374, ¶ 17.

**{¶25}** Silknitter's fifth assignment of error is overruled.

**Assignment of Error No. VI**

**The Ohio incest statute violates appellant's constitutional rights.**

**{¶26}** In his sixth assignment of error, Silknitter argues that R.C. 2907.03(A)(5), Ohio's incest statute, is unconstitutional. Specifically, he argues that it "fails the strict scrutiny test that is used for evaluating Due Process." (Appellant's Brief at 14). Silknitter argues, alternatively, that R.C. 2907.03(A)(5) violates his constitutional rights "because it fails the rational basis test that it [sic] used for evaluating Due Process." (*Id.* at 16). Essentially, Silknitter argues that the statute is unconstitutional because it "leaves no room for a consensual sexual relationship between adults who happen to be related through a stepparent-stepchild relationship," and the state "has no legitimate interest in the relationship between consenting adults." (*Id.*).

**{¶27}** There is a question whether Silknitter waived these arguments by entering his pleas of guilty in this case. *Compare State v. Yodice*, 11th Dist. Lake No. 2001-L-155, 2002-Ohio-7344, ¶ 27 *with State v. Wilson*, 58 Ohio St.2d 52 (1979), paragraph one of the syllabus. Nevertheless, assuming without deciding that Silknitter did not waive these arguments by entering his pleas of guilty, we can easily dispose of this assignment of error.

**{¶28}** R.C. 2907.03(A)(5) provides, "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is

the other person's natural or adoptive parent, or a *stepparent*, or guardian, custodian, or person in loco parentis of the other person." (Emphasis added.) The Supreme Court of Ohio addressed the constitutionality of R.C. 2907.03(A)(5) in *State v. Lowe*. 112 Ohio St.3d 507, 2007-Ohio-606. First, contrary to Silknitter's strict-scrutiny argument, the Supreme Court of Ohio held in *Lowe* that "a rational-basis test should be used to analyze the statute" because a stepparent does not have a fundamental right under the United States Constitution to engage in consensual sexual activity with his or her stepchild. *Id.* at ¶ 24. Applying a rational-basis test, the Supreme Court of Ohio held, "R.C. 2907.03(A)(5) is constitutional as applied to consensual sexual conduct between a stepparent and adult stepchild, since it bears a rational relationship to the state's legitimate interest in protecting the family." *Id.* at syllabus. Based on the Supreme Court of Ohio's holding in *Lowe*, we reject Silknitter's arguments under his sixth assignment of error.

{¶29} Silknitter's sixth assignment of error is overruled.

### Assignment of Error No. VII

**The Tier III sex-offender requirements imposed on appellant are unconstitutional because they constitute cruel and unusual punishment and because Senate Bill 10 violates the separation of powers doctrine.**

{¶30} In his seventh assignment of error, Silknitter argues that the requirements imposed on him as part of his classification as a Tier III sex offender violate the prohibition of cruel and unusual punishment contained in the Eighth

Amendment to the United States Constitution. He also argues that the sex-offender-registration legislation, Am.Sub.S.B. No. 10 ("S.B. 10"), codified in R.C. Chapter 2950, violates the separation-of-powers doctrine because "[t]he legislature has effectively limited the power of the judiciary by determining, conclusively, the sex offender classification of certain offenders." (Appellant's Brief at 19).

**{¶31}** We summarily reject Silknitter's argument that the requirements accompanying his Tier III sex offender classification violate the Eighth Amendment. This court recently held—in a case that began in juvenile court but was transferred to criminal court—that Tier III registration requirements do not constitute cruel and unusual punishment. *See State v. Curtis*, 3d Dist. Allen No. 1-15-55, 2016-Ohio-6978, ¶ 72. *See also State v. Moore*, 2d Dist. Darke No. 2014-CA-13, 2015-Ohio-551, ¶ 16 ("We have held that Ohio's sex offender classification law does not violate the Cruel and Unusual Punishment Clause."), citing *State v. Blankenship*, 2d Dist. Clark No. 2012-CA-74, 2014-Ohio-232, ¶ 10-11.

**{¶32}** We also summarily reject Silknitter's argument that S.B. 10 violates the separation-of-powers doctrine. In a case involving the sexual-battery statute, albeit a different subsection, this court concluded that S.B. 10, "as applied to those convicted of sexual battery in violation of R.C. 2907.03(A)(2), does not violate the separation of powers doctrine as it does not usurp the judiciary's role in administering justice." *State v. Ritchey*, 3d Dist. Allen No. 1-15-80, 2016-Ohio-

2878, ¶ 29. We adopt the reasoning from *Ritchey* and hold that S.B. 10, as applied to those convicted of sexual battery in violation of R.C. 2907.03(A)(5), does not violate the separation-of-powers doctrine. *Ritchey* at ¶ 24-29.

{¶33} Silknitter's seventh assignment of error is overruled.

{¶34} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**