**[Cite as *State v. Ford*, 2010-Ohio-4069.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,                                          CASE NO. 14-10-07

   PLAINTIFF-APPELLEE,

 v.

DUSTIN M. FORD,                                      **O P I N I O N**

   DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 09-CR-0196

**Judgment Affirmed**

**Date of Decision:  August 30, 2010**

APPEARANCES:

   *Alison Boggs,* **for Appellant**

   *Terry Hord,* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Dustin M. Ford (hereinafter "Ford"), appeals the Union County Court of Common Pleas' judgment of conviction and sentence. For the reasons that follow, we affirm.

{¶2} On October 23, 2009, the Union County Grand Jury indicted Ford on eleven (11) counts, including: counts one, three, five, and nine of trafficking in heroin in violation of R.C. 2925.03(A)(1); (C)(6)(b), fourth degree felonies; counts two, four, six, and ten of possession of heroin in violation of R.C. 2925.11(A); (C)(6)(a), fifth degree felonies; count seven of possession of heroin in violation of R.C. 2925.11(A); (C)(6)(b), a fourth degree felony; count eight of trafficking in heroin in violation of R.C. 2925.03(A)(2); (C)(6)(c), a third degree felony; and count eleven of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1), a first degree felony. (Doc. No. 1).

{¶3} On November 17, 2009, Ford appeared for arraignment and entered pleas of not guilty to all counts in the indictment. (Doc. No. 8). The trial court also referred Ford to the Union County Criminal Defense Lawyers for a determination "for evaluation as to eligibility for indigent counsel services and representation." (Doc. No. 9). On November 20, 2009, the Union County Public

Defender's Office found Ford to be indigent and eligible for representation and assigned attorney Clifton G. Valentine, Jr. to represent him.[1] (Doc. No. 10).

**{¶4}** On December 18, 2009, Ford appeared before the trial court, withdrew his previously tendered pleas of not guilty, and entered pleas of guilty to counts one, three, five, eight, nine, and eleven of the indictment pursuant to a plea agreement. (Dec. 18, 2009 Tr. at 3, 18-19). A pre-sentence investigation (PSI) report was ordered, and a sentencing hearing scheduled for February 11, 2009. (Id. at 19).

**{¶5}** On December 23, 2009, an entry withdrawing Ford's previously tendered pleas of not guilty and entering guilty pleas to counts one, three, five, eight, nine, and eleven of the indictment pursuant to the plea agreement was filed. (Doc. No. 15). The trial court further ordered that counts two, four, six, seven, and ten be dismissed at the State's request. (Id.).

**{¶6}** On February 3, 2010, Ford filed a sentencing memorandum, requesting a combined sentence not to exceed four (4) years and eleven (11) months so that he would be eligible for judicial release and be evaluated for acceptance into a community-based corrections facility ("CBCF"). (Doc. No. 21). On February 9, 2010, the State filed its sentencing memorandum, requesting that Ford be sentenced to an aggregate term of nine (9) years incarceration. (Doc. No.

---

[1] The record indicates that Mr. Valentine also served as appointed counsel for purposes of Ford's arraignment. (Doc. No. 8).

22).

{¶7} On February 11, 2010, a sentencing hearing was held. The trial court heard statements from defense counsel, Ford, and the prosecutor, as well as the testimony of two law enforcement officers on behalf of the prosecution. (Feb. 11, 2010 Tr. at 5-8, 8-25). After hearing the aforementioned, reviewing the PSI, and considering the principles of sentencing in R.C. 2929.11, the trial court sentenced Ford to: fifteen (15) months imprisonment on each of counts one, three, five, and nine; four (4) years imprisonment on count eight; and five (5) years imprisonment on count eleven. (Id. at 25-26). The trial court ordered that the terms on all counts be served consecutively to each other for an aggregate sentence of fourteen (14) years imprisonment. (Id. at 26); (Mar. 5, 2010 JE, Doc. No. 25). The trial court imposed a mandatory fine of $5,000, a mandatory operator's license suspension, and costs upon Ford. (Id. at 26-27). The trial court further ordered Ford to pay $525 in restitution. (Id. at 27).

{¶8} On March 5, 2010, the trial court filed its judgment entry of sentence. (Doc. No. 25). On March 26, 2010, Ford filed a notice of appeal. (Doc. No. 32). Ford now appeals raising two assignments of error for our review. We elect to address Ford's assignments of error out of the order they were presented in his brief.

## ASSIGNMENT OF ERROR NO. II

## THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO CONSECUTIVE SENTENCES.

{¶9} In his second assignment of error, Ford argues that the trial court "over-sentenced" him to consecutive sentences based on law enforcement officers' testimony at sentencing that he was selling drugs to juveniles even though the charges brought against him had nothing to do with juveniles.

{¶10} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law.[2] *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶19, citing R.C. 2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a

---

[2] We note that the Supreme Court of Ohio recently released a plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912, which established a two-part test utilizing both the clear and convincing and abuse of discretion standard of review in reviewing felony sentencing decisions under R.C. 2953.08(G). While we cite to this Court's precedential clear and convincing standard of review, which was affirmed and adopted by three dissenting Justices in *Kalish*, we note that the outcome of our decision in this case would be identical under the *Kalish* plurality's two-part test as well.

firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; *State v. Boshko* (2000), 139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶16, quoting *State v. Jones* (2001), 93 Ohio St.3d 391, 400, 754 N.E.2d 1252.

{¶11} Ford was sentenced to fifteen (15) months imprisonment on each of counts one, three, five, and nine, all fourth degree felonies; four (4) years imprisonment on count eight, a third degree felony; and five (5) years imprisonment on count eleven, a first degree felony. (Feb. 11, 2010 Tr. at 25-26); (Mar. 5, 2010 JE, Doc. No. 25). The terms imposed on these counts fall within the statutory ranges provided in R.C. 2929.14(A)(1), (3), (4). As such, the sentences imposed are not contrary to law. Furthermore, the trial court noted both at the hearing and in its judgment entry that it considered the seriousness of the offenses, the probability of recidivism, the factors in R.C. 2929.13(B), as well as the principles of sentencing set forth in R.C. 2929.11. (Feb. 11, 2010 Tr. at 25); (Mar. 5, 2010 JE, Doc. No. 25). Therefore, the trial court's sentence was rendered in conformance with the sentencing statutes.

**{¶12}** Ford has also failed to demonstrate by clear and convincing evidence that the trial court's consecutive sentences were not supported by the record or that there was not a sufficient basis for the imposition of a prison term. *Ramos*, 2007-Ohio-767, at ¶23. Ford speculates that the trial court imposed consecutive sentences upon him because law enforcement officers testified that he was dealing drugs to juveniles. Nothing in the record suggests that this was the reason the trial court imposed consecutive sentences. (Feb. 11, 2010 Tr. at 25-28); Mar. 3, 2010 JE, Doc. No. 25). Furthermore, evidence of other crimes, *including crimes that never result in criminal charges being pursued*, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing. *State v. Starkey*, 7th Dist. No. 06 MA 110, 2007-Ohio-6702, ¶17 (emphasis added), citing *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895; *State v. Tolliver*, 9th Dist. No. 03CA0017, 2003-Ohio-5050, ¶24; *United States v. Mennuti* (C.A.2, 1982), 679 F.2d 1032, 1037; *United States v. Needles* (C.A.2, 1973), 472 F.2d 652, 654-56. As such, this argument lacks merit.

**{¶13}** Aside from that, the PSI reveals an extensive criminal history for a man that was only twenty-four (24) years old. (PSI). As a juvenile, Ford committed several offenses, many of which would have been felonies if committed as an adult, as well as three probation violations. (Id.). Ford had five traffic offenses as a juvenile. (Id.). Ford was terminated from juvenile probation after he began committing adult offenses. (Id.). As an adult, Ford was convicted

of theft thrice, possession of marijuana twice, underage consumption once, driving under suspension twice, had a forgery charge dismissed and had pending charges in the Franklin County Municipal Court, aside from the present convictions and dismissed charges in this case. (Id.). The PSI also reveals that, as an adult, Ford committed several probation violations and was unsuccessfully terminated from judicial release. (Id.). The author of the PSI report also indicated that Ford: showed "absolutely no remorse" for the current offenses; stated that CBCF was a "game"; was "very cocky" during the interview trying to project a "tough-guy attitude," which was the same attitude Ford had at his prior PSI interview in February 2008; and portrayed himself as a victim with an addiction. (Id.). The testimony before the trial court at the sentencing hearing also revealed that Ford was supplying his girlfriend with heroin while she was pregnant with his child, which resulted in his child being born addicted to heroin. (Feb. 11, 2010 Tr. at 11-12, 17-18). Based upon the record in this case, we cannot find that the trial court erred by sentencing Ford to consecutive sentences for an aggregate of fourteen (14) years imprisonment.

{¶14} Ford's second assignment of error is, therefore, overruled.

**ASSIGNMENT OF ERROR NO. I**

**DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHTS UNDER SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION.**

{¶15} In his first assignment of error, Ford alleges that he was denied effective assistance of trial counsel. Specifically, Ford alleges that he *may* have been prejudiced by the fact that his trial counsel shared an office with an assistant prosecutor. Ford further alleges that trial counsel was ineffective because he failed to put forth any evidence at the sentencing hearing. Finally, Ford alleges that his trial counsel was ineffective for failing to object to Officer Brooks' testimony that Ford sold heroin to minors in high school even though that was not the basis of any of the charges brought against him.

{¶16} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bradley*, 42 Ohio St.3d at 142, citing *Strickland*, 466 U.S. at 691. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bradley*, 42 Ohio St.3d at 142; *Strickland*, 466 U.S. at 694.

{¶17} Ford has failed to demonstrate ineffective assistance of trial counsel. To begin with, the record is absent any indication of whether or not trial counsel

actually shared office space with an assistant prosecutor. Furthermore, even assuming that trial counsel did share an office with an assistant prosecutor, the record does not demonstrate whether it was the particular assistant prosecutor handling this case or whether trial counsel's advice was affected by that office sharing relationship. In fact, Ford acknowledges the speculative nature of his assertion of prejudice by freely admitting "[i]t cannot be known if the office sharing relationship affected the representations made regarding sentencing * * *." (Appellant's Brief at 4). Mere speculation is insufficient to establish prejudice for an ineffective assistance claim.[3] *State v. Harris*, 10th Dist. Nos. 09AP-578, 09AP-579, 2010-Ohio-1688, ¶31. See, also, *State v. Otte* (1996), 74 Ohio St.3d 555, 566, 660 N.E.2d 711.

{¶18} Ford's argument that trial counsel was ineffective for failing to present evidence at the sentencing hearing also lacks merit. Trial counsel did file a sentencing memorandum with the trial court wherein he argued that Ford should be sentenced not to exceed four (4) years and eleven (11) months so that Ford would be eligible for judicial release. (Doc. No. 21). Trial counsel argued that Ford has taken responsibility for his actions and wanted to do drug counseling so that he could lead a productive life upon release, including being a father to his newborn child. (Id.). Trial counsel further argued that Ford would not have been

---

[3] The record in this case simply fails to demonstrate ineffective assistance of counsel. That being said, we believe that if evidence exists of any *alleged* impropriety related to trial counsel's office sharing arrangement such matters may be more appropriately addressed by disciplinary counsel.

involved in these criminal matters but for his addiction to heroin. (Id.). Trial counsel attached to the sentencing memorandum letters from Ford's mother and grandmother. (Id.). At the sentencing hearing, trial counsel made a statement in mitigation. (Feb. 11, 2010 Tr. at 6-7). Ford was also allowed to speak on his own behalf at the sentencing hearing. (Id. at 7-8). Although trial counsel did not present evidence at the sentencing hearing, Ford has failed to identify what, if any, evidence trial counsel *could have* presented to change the outcome of the sentencing. *State v. Dunn*, 5th Dist. No. 09 COA 016, 2010-Ohio-760, ¶26. We simply are not persuaded that trial counsel's presentation of this *unidentified* evidence would have changed the outcome of sentencing given the seriousness of Ford's offenses, his previous record, his lack of remorse, and his poor attitude.

{¶19} Finally, we must also reject Ford's argument that trial counsel was ineffective for failing to object to Officer Brooks' testimony. Aside from the fact that objecting to witness testimony is a matter of trial strategy, evidence of other crimes that never result in criminal charges being pursued may be considered at sentencing. *State v. Dixon*, 152 Ohio App.3d 760, 2003-Ohio-2550, 790 N.E.2d 349, ¶43; *Starkey*, 2007-Ohio-6702, at ¶17, citing *Cooey*, 46 Ohio St.3d at 35; *Tolliver*, 2003-Ohio-5050, at ¶24; *Mennuti*, 679 F.2d at 1037; *Needles*, 472 F.2d at 654-56. Therefore, trial counsel was not ineffective for failing to object to Officer Brooks' testimony.

{¶20} Ford's first assignment of error is overruled.

**{¶21}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, J., concurs.**

**/jnc**

**WILLAMOWSKI, P.J., concurs separately.**

**{¶22}** I concur fully with the majority opinion, however write separately to emphasize that the appropriate standard of review was applied. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In *Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellate courts require appellants to meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[4] For example, if the sentencing court imposed consecutive sentences, as in this case, the standard of review would be clearly and convincingly contrary to law. However, if the appeal is based upon the proper application of the factors in R.C. 2929.12, four panel members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[5]

---

[4]   Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.
[5]   Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.

{¶23} In his assignments of error, Ford alleges that the trial court erred when it sentenced him to consecutive sentences. Ford's appeal of his felony sentence did not raise issue with the application of the factors set forth in R.C. 2929.12, which would require an abuse of discretion standard. Thus, the clearly and convincingly standard used to review this case, as set forth in R.C. 2953.08(G)(2) is the proper standard of review herein.