[Cite as *In re A.C.*, 2023-Ohio-902.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

In the Matter of: A.C.,       :

      :       Case No. 22CA20

Adjudicated Delinquent Child.   :

      :

      :       <u>DECISION AND JUDGMENT
ENTRY</u>

      :

      :       **RELEASED: 03/15/2023**

      :

<u>APPEARANCES:</u>

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Kelsey R. Riffle, Washington County Assistant Prosecutor, Marietta, Ohio, for Appellee.

Wilkin, J.

**{¶1}** Appellant, A.C., appeals a decision of the Washington County Court of Common Pleas, Juvenile Division, that adjudicated her a delinquent child for committing the offense of making false alarms, in violation of R.C. 2917.32(A)(3), a first-degree misdemeanor if committed by an adult. Appellant argues that trial counsel rendered ineffective assistance of counsel during the dispositional hearing by failing to present evidence to support her request for probation.[1] After our review of the record and the applicable law, we do not find any merit to appellant's assignment of error. Therefore, we affirm the trial court's judgment.

---

[1] We note that R.C. 2152.19(A)(4)(a) allows a court to impose probation as a condition of community control.

FACTS AND PROCEDURAL BACKGROUND

{¶2} On June 27, 2022, a complaint was filed that alleged appellant is a delinquent child for committing the offense of making false alarms, in violation of R.C. 2917.32(A)(3), a first-degree misdemeanor if committed by an adult. At the adjudicatory hearing, appellant admitted the allegation contained in the complaint. Before accepting her admission, the court explained the dispositional orders that the court could impose, including placing her on probation or requiring her to complete a rehabilitation program at the Washington County Juvenile Center (WCJC). Appellant indicated that she understood and wished to admit the allegations of the complaint.

{¶3} The court then proceeded with the dispositional hearing. Appellant's probation officer noted that the psychological evaluation indicated that appellant "does struggle with a lot of mental health issues." The probation officer believed that placing appellant at WCJC, where she would be under medical care, "would be very beneficial for her." The probation officer also thought that appellant would benefit from the smaller class sizes at the center. The probation officer, thus, stated that placing appellant in the WCJC rehabilitation program would be in her best interest.

{¶4} The state likewise recommended that the court place appellant at WCJC. The state indicated that the facts underlying the offense were serious: Appellant falsely accused an individual of raping her when she was eight years old. The state suggested that this type of false allegation could ruin a person's life. The state additionally noted that law enforcement officers worked for nearly one year to find evidence to support appellant's allegation before appellant admitted that she had not been truthful about her accusation.

{¶5} The state further asserted that the psychological evaluation raises several concerns such as appellant's poor performance in school and some significant mental health issues. The state noted that appellant currently is enrolled in an online school and lacks a structured environment. The state recommended that the court place her in the WCJC rehabilitation program to give her structure, access to mental health resources, and a better learning environment.

{¶6} The child's guardian ad litem (GAL) also believed that placing appellant at WCJC "would be the best option." The GAL viewed this placement as "an opportunity to ensure that there is regular and consistent counseling [and] to ensure that schoolwork is being addressed."

{¶7} Appellant's counsel argued that placing her on probation would give her adequate structure and would give appellant a chance to improve her behavior without subjecting her to an institutional environment. Appellant and her mother also asked the court to place her on probation.

{¶8} The court noted that the nature of the charge (falsely accusing another person of raping her when she was eight years old) was serious and found that the psychological evaluation indicated that appellant "needs a lot of help." The court determined that placing her in the rehabilitation program at WCJC would be in her best interest. The court thus committed appellant to WCJC's temporary custody to complete a rehabilitation program.

ASSIGNMENT OF ERROR

I.    THE APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF
      TRIAL COUNSEL IN VIOLATION OF HER RIGHTS UNDER THE SIXTH
      AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
      CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO
      CONSTITUTION.

ANALYSIS

{¶9} In her sole assignment of error, appellant argues that trial counsel failed to provide the effective assistance of counsel.  Specifically, she asserts that trial counsel performed ineffectively during the dispositional hearing by failing to present evidence to support her request for probation.  Appellant criticizes counsel for presenting a closing argument rather than finding evidence that supported her request for probation.  She alleges that counsel's failure constitutes a complete denial of counsel at a critical stage of the proceedings and entitles her to invoke the prejudice presumption set forth in *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

{¶10}  An accused juvenile has a constitutional right to counsel and the same rights to effective assistance of counsel as an adult criminal defendant.  *In re Lower,* 4th Dist. Highland No. 06CA31, 2007-Ohio-1735, ¶ 37, citing *In re Gault* (1967), 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527.  Thus, we apply the same Sixth Amendment effective assistance of counsel principles that apply in criminal proceedings.  *See In re B.C.S.,* 4th Dist. Washington No. 07CA60, 2008-Ohio-5771.

{¶11} Establishing constitutionally ineffective assistance of counsel requires a delinquent child (or a criminal defendant) to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.  *E.g.*, *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 15,

citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

{¶12}  Counsel's performance is deficient when it falls "below an objective level of reasonable representation." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.  Courts that are considering whether counsel's performance fell below an objective level of reasonable representation, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  The party challenging counsel's performance "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

{¶13} The prejudice component requires the challenging party to show that a reasonable probability exists that " 'but for counsel's errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine the outcome.' " *Hinton v. Alabama*, 571 U.S. 263, 134 S.Ct. 1081, 1089, 188 L.Ed.2d 1 (2014), quoting *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.  Furthermore, courts ordinarily may not simply presume the existence of prejudice but must require the defendant to affirmatively establish prejudice. *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 22.

{¶14} However, in limited circumstances, courts may presume prejudice. *Florida v. Nixon*, 543 U.S. 175, 190, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (noting that prejudice presumed in narrow circumstances); *Cronic*, 466 U.S. at 658-59; *see also Garza v. Idaho*, ___ U.S. ___, ___, 139 S.Ct. 738, 744, 203 L.Ed.2d 77 (2019). For example, "the complete denial of counsel" is "so likely to prejudice the accused that the cost of litigating [its] effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658-59. This complete-denial-of-counsel prejudice presumption typically applies if an "accused is denied counsel at a critical stage" of the proceedings. *Id.* Likewise, the prejudice presumption may apply "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* The prejudice presumption also may apply if "counsel is called upon to render assistance under circumstances where competent counsel very likely could not." *Bell v. Cone*, 535 U.S. 685, 695–98, 152 L.Ed.2d 914, 122 S.Ct. 1843, 1851–52, (2002), citing *Cronic*, 466 U.S. at 659–662, and *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

{¶15} In contrast, a mere failure at a sentencing hearing to present specific evidence or to make a closing argument does not equate to presumed prejudice. In *Bell*, for instance, the defendant asserted that trial counsel entirely failed to subject the prosecution's case to meaningful adversarial testing when counsel did not " 'mount some case for life' after the prosecution introduced evidence in the sentencing hearing and gave a closing statement." *Bell*, 535 U.S. at 696, quoting Brief for Respondent 26. During the sentencing hearing, both the prosecution and the defense presented opening statements. Defense counsel's opening statement reminded the jury of the mitigating evidence that had been presented during the trial phase and asserted that the

defendant "was under the influence of extreme mental disturbance or duress, that he was an addict whose drug and other problems stemmed from the stress of his military service, and that he felt remorse." *Id.* at 691. The prosecution then presented its evidence in support of the death penalty, and defense counsel cross-examined the witnesses. After both sides rested, the junior prosecuting attorney gave "a 'low-key' closing." *Id.* at 692. Defense counsel chose to waive final argument, which prevented "the lead prosecutor, who by all accounts was an extremely effective advocate, from arguing in rebuttal." *Id.* The jury subsequently found four aggravating factors and no mitigating factors, which required the court to impose the death penalty.

**{¶16}** After his direct appeals were affirmed, the defendant filed a postconviction relief petition. He argued that trial counsel did not provide effective assistance of counsel during the sentencing phase and faulted counsel for failing to present mitigating evidence and for waiving final argument. The defendant eventually succeeded with this argument. *Cone v. Bell*, 243 F.3d 961 (6th Cir.2001). The Sixth Circuit determined that prejudice should be presumed under *Cronic*, "because his counsel, by not asking for mercy after the prosecutor's final argument, did not subject the State's call for the death penalty to meaningful adversarial testing." *Bell*, 535 U.S. at 693 (summarizing Sixth Circuit's decision).

**{¶17}** The United States Supreme Court disagreed that the prejudice presumption applied in this situation. Instead, it explained that the presumption applies only if "the attorney's failure [is] complete." *Id.* at 697. The court emphasized that *Cronic* held that the presumption may apply when " 'counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.' " *Id.* (emphasis sic),

quoting *Cronic*, 466 U.S. at 659; *accord State v. Drain*, ___ Ohio St.3d ___, 2022-Ohio-

3697, ___ N.E.3d ___, ¶ 69.  The *Bell* court observed that the defendant had not argued

that trial counsel's failure had been complete; in other words, the defendant did not

argue "that his counsel failed to oppose the prosecution throughout the sentencing

proceeding as a whole."  *Id.*  Rather, the defendant asserted "that his counsel failed to

do so at specific points."  *Id.*  The court, thus, concluded that the defendant's challenge

to counsel's failure to present mitigating evidence and decision to waive closing

argument was "plainly of the same ilk as other specific attorney errors" that are "subject

to *Strickland's* performance and prejudice components."  *Id.* at 697-698, citing *Burger v.*

*Kemp,* 483 U.S. 776, 788, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987), and *Darden v.*

*Wainwright,* 477 U.S. 168, 184, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (observing that

*Burger* and *Darden* applied *Strickland* standard, not *Cronic*, when defendants

challenged counsel's decision at capital sentencing hearing not to offer any mitigating

evidence).  Therefore, the court concluded that the *Strickland* standard, not the

presumed-prejudice standard, applied to the defendant's ineffective-assistance

challenge.

{¶18} Similarly, in the case before us, appellant faults counsel for failing to

present evidence at the dispositional hearing to support her request for probation.  She

contends that counsel did not conduct any discovery during the dispositional phase and

asserts that merely presenting a closing argument does not subject the state's case to

meaningful adversarial testing.  Appellant's argument, however, contradicts *Bell*'s

emphatic reminder that the presumption applies when " 'counsel *entirely* fails to subject

the prosecution's case to meaningful adversarial testing.' "  *Id.* (emphasis sic),

quoting *Cronic* at 659. *Bell* indicates that when the ineffectiveness claim involves an alleged sentencing-hearing deficiency, counsel does not *entirely* fail to subject the prosecution's case to meaningful adversarial testing if counsel presents an argument during the sentencing phase. Here, appellant's trial counsel did not *entirely* fail to subject the prosecution's case to meaningful adversarial testing. Counsel appeared at the dispositional hearing and presented an argument to support her probation request. Counsel's decision not to present evidence at the dispositional hearing does not equate to a finding that counsel *entirely* failed to subject the prosecution's case to meaningful adversarial testing. *Bell*; *Burger*; *Darden*. Therefore, we do not agree with appellant that the presumed-prejudice standard applies to her ineffective-assistance-of-counsel claim. Consequently, appellant must establish the *Strickland*-prejudice standard, i.e., a reasonable probability exists that but for counsel's alleged deficient performance, the result of the proceeding would have been different.

{¶19} Appellant has not argued, however, that she can establish the *Strickland*-prejudice standard. Instead, she relies solely upon the presumed-prejudice standard. Given that appellant has not presented an argument regarding the *Strickland*-prejudice standard, we will not create one for her. *E.g., State v. Dailey*, 4th Dist. Adams No. 18CA1059, 2018-Ohio-4315, ¶ 43-44, quoting *State v. Palmer*, 9th Dist. Summit No. 28303, 2017-Ohio-2639, ¶ 33 (appellate court does not have a duty to construct argument on an appellant's behalf and will not address " 'undeveloped arguments' "); *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31 (appellate courts do not have duty to construct or develop arguments to support a defendant's assignment of error).

**{¶20}** Additionally, appellant has not demonstrated that counsel's performance during the dispositional phase was deficient. Other than a broad assertion that trial counsel did "nothing" to help her, appellant has not identified any additional actions that trial counsel should have undertaken to support her request for probation.

**{¶21}** We observe that during the adjudicatory hearing, appellant agreed that she had spoken with her counsel about her decision to admit the allegations of the complaint and about the consequences if the court found her to be a delinquent child. Additionally, trial counsel presented an argument during the dispositional phase to support appellant's request for probation. Counsel stated:

> This is her first time getting into trouble really at all.
> She does have a couple charges here, one was misuse of a motor vehicle, and the case that she was found delinquent on, of course.
> Basically, you know, based on the conversations with her, and briefly with her parents, it's obvious she needs some structure in her life.
> I think probation would be sufficient enough to provide that structure.
> One, she seems to be willing to be on probation, and we'll you know, want to be at least compliant with that structure, and sending her to the center, which, you know, she doesn't necessarily agree that that's in her best interest. She you know, she might just try to fight against that structure.
> Additionally, you know, starting out on a probation-type of sanction or punishment would not necessarily rule out the center at a later time, you know, if the structure that probation tries to give her is not enough, then a probation violation can be filed and then the center can be imposed at that time.
> She is going to counseling, L&P Services. Alison is her counselor. She seems to be enjoying that. Doing well on that.
> She is struggling in school with her online classes, but a drastic change in her life, which would be removing her from her home and putting her in a strange environment, you know, might make that worse.
> Basically for those reasons, I think probation would be the most appropriate sanction.

Counsel's argument reflects that he had discussed the case with appellant, and he informed the court of her desire to be placed on probation. He pointed out that appellant has a minimal history of juvenile infractions. He recognized, through

conversations with appellant, that she needs structure in her life and advised the court that probation would provide adequate structure. Counsel further expressed concern that placing appellant at WCJC would cause her to rebel, which would frustrate her ability to address her mental-health issues and to improve her schoolwork. Appellant has not identified what additional evidence counsel could have presented that might have affected the outcome of the proceedings and has not shown that the failure to present additional evidence was objectively unreasonable under the circumstances.

{¶22} We additionally note that other courts have rejected ineffective-assistance-of-counsel claims under similar facts. *See State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 26 (noting that a claim that counsel failed to present specific evidence during sentencing phase usually relies upon evidence outside of the record and thus is not a proper consideration on direct appeal); *State v. Jordan*, 2nd Dist. Clark No. 2020-CA-62, 2021-Ohio-2332, ¶ 23 (rejecting ineffectiveness claim even though counsel gave "only a 'brief statement' at sentencing); *State v. Ford*, 3rd Dist. Union No. 14-10-07, 2010-Ohio-4069, ¶ 18 (emphasis sic.) (pointing out that defendant "failed to identify what, if any, evidence trial counsel *could have* presented to change the outcome of the sentencing"). Consequently, appellant has not established that trial counsel failed to provide the effective assistance of counsel.

{¶23} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error.

CONCLUSION

{¶24} Having overruled appellant's sole assignments of error, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

P.J., Smith and J., Abele:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**